John F. STOVALL, Jr., Appellant,

v.

CIVIL SERVICE COMMISSION OF the CITY OF ST. LOUIS, Missouri, et al., Respondents.

No. 45111.

Missouri Court of Appeals, Eastern District, Division One.

June 15, 1982.

Anthony J. Sestric, St. Louis, for appellant.

Judith A. Ronzio, St. Louis, for respondents.

CRANDALL, Judge.

This appeal arises out of a review of a decision of an administrative agency in which the trial court affirmed the decision of the Civil Service Commission. We reverse and remand.

Appellant is a civil service employee who works for the City of St. Louis as a Building Inspector. His prior work record of approximately ten years was totally satisfactory. His job duties included inspecting work done by demolition contractors. Appellant was terminated from his job effective December 19, 1980, by Raymond Daly, appellant's immediate supervisor and "appointing authority" under the St. Louis City Charter. Mr. Daly, wanting only to suspend Mr. Stovall for two to three weeks, was ordered to terminate him by Alphonso Jackson, the Director of Public Safety. The reason for the termination was the alleged acceptance of money from contractors by Mr. Stovall.

Mr. William Duffe, the Director of Personnel for the City of St. Louis, was required by the City Charter and Civil Service Rules to conduct an investigation of all dismissals of city employees. Mr. Duffe performed this duty by discussing the matter two or three times with Mr. Jackson and reviewing the statements of wrecking contractors who claim to have given money to appellant.

Mr. Stovall appealed his termination to the Civil Service Commission for the City of St. Louis. The Commission found, and appellant admitted, that he did accept "lunch money"[1] from a contractor on one occasion. Finding no other improprieties, it determined that termination was an excessive penalty. In lieu of termination, the Commission substituted a fifteen-day suspension without pay from January 5, 1981, to January 19, 1981, and a leave of absence without pay from January 19, 1981, until appellant's return to duty. It should be noted that the Commission did not reach its decision until July 1981 and therefore appellant was without pay for approximately 202 days.

Initially it should be noted that the nature of our review is limited to determining whether the Commission's findings are supported by competent and substantial evidence on the record as a whole; whether the Commission's decision is arbitrary, capricious or unreasonable; whether the decision involves an abuse of discretion; whether, for any other reason, the decision is unauthorized by law; or those other grounds as found in § 536.140.2, RSMo 1978. The court may not substitute its judgment for that of the Commission and must defer to the Commission's findings of fact. Yet, where the decision is clearly based upon an interpretation or application of the law, the Commission's conclusions of law and the decisions based thereon, "are matters for independent judgment of the reviewing court." In other words the decision of the administrative body on a question of law does not preclude, restrict, or control review of the issue by the court. *Kansas City v. Missouri Commission on Human Rights,* 632 S.W.2d 488 at 489–490 (Mo.banc 1982).

Within that context of the narrow scope of judicial review, we consider appellant's contentions. Appellant first contends that proper procedures for disciplinary actions were not followed. Rule IX, § 3 of the St. Louis City Civil Service Commission Rules provides that all disciplinary actions

---

1. "Lunch money" as used in the context of this case was a cash payment of $5, $10, or $20 from a contractor to appellant.

must be initiated by the appointing authority. Raymond Daly was the appointing authority for John Stovall. Appellant argues that since Alphonso Jackson ordered Daly to terminate appellant, the action was not "initiated" by the appointing authority. We disagree. Raymond Daly was in favor of disciplining appellant and signed the necessary papers or forms to initiate the disciplinary proceeding. Daly's only protest was over the severity of the punishment. As there was no failure to comply with the Commission's Rules, appellant's first contention is without merit.

■ Appellant next contends that Mr. William Duffe's investigation of appellant's dismissal was insufficient. Again we disagree. The scope of the investigation by the Director of Personnel does not require that Mr. Duffe personally investigate all the facts giving rise to a disciplinary action but, rather, requires him to review the matter to see if the discipline was warranted. Mr. Duffe's review of the matter was sufficient to comply with applicable Charter and Commission Rules. Appellant's contention is without merit.

■ Appellant next contends that a two-week suspension was unreasonable and excessive because of the vagueness of the department policy regarding the acceptance of gratuities and based upon precedent established by the city in prior cases involving other employees. Despite a nebulous, equivocal policy in the building division concerning the acceptance of gratuities by employees, it is common sense that the acceptance of cash by a building inspector from a contractor might give the appearance of impropriety. Further, any action or inaction in the past by department heads regarding improprieties of other employees is not binding on this Commission. We defer to the judgment of the Commission in suspending appellant for fifteen days without pay for his admitted misconduct.

■ Appellant next contends that a 202-day "suspension" without pay is in excess of the authority of the Civil Service Commission and therefore seeks back pay and benefits for the time in excess of the fifteen-day suspension. Appellant was not paid a salary for 202 days. The Commission did not use the term "suspension" as applying to the 202-day period. Rather they suspended appellant for fifteen days and placed him on a "leave of absence" without pay for the balance.

Art. XVIII, § 3(o) of the City Charter provides that the Civil Service Commission may establish rules which shall provide "[f]or fines, and for suspensions without pay for not to exceed thirty days, and for other disciplinary measures deemed desirable, of less severity than those set forth in the item next proceeding." [2] Rule IX, § 3 of those Civil Service Commission Rules sets out the alternatives available for discipline. Those alternatives are:

(1) To reprimand the employee.

(2) To fine the employee in an amount not to exceed 10% of his regular monthly salary.

(3) To suspend the employee without pay for a period not to exceed thirty days.

(4) To order the pay of the employee reduced to a lower rate within the range of pay provided for the class of position held.

(5) To demote the employee to the next lower class of position to that he currently holds.

(6) To dismiss the employee from the City Service.

(7) To retire the employee under the terms of any retirement act for City employees in existence at the time of removal and under which the employee is entitled to benefits.

It is conceded by respondent that a suspension for 202 days would be a violation of the City Charter and the Commission Rules, both of which limit suspensions without pay to thirty days. Appellant argues that this is exactly what the Commission did regardless of the language used in its decision. While the Commission can modify a disciplinary action, the limitations on its modifica-

**2.** "Item next proceeding" relates to removals and demotions.

tion are prescribed by Rule IX, § 3. Appellant's suspension for fifteen days is clearly authorized by the Rule. Placing him on a leave of absence without pay for the remainder of the time period is not. The Commission has exceeded its authority by imposing a disciplinary action not authorized by its Rules or by the City Charter. They have effectively suspended appellant for 202 days without pay, despite the use of the euphemistic phrase "leave of absence."

■ Respondent argues, however, that back pay cannot be awarded because of the strictures of Art. XVIII, § 7(g)[3] of the City Charter and similar provisions in the Civil Service Rules. A similar argument was made by the City of St. Louis and rejected by the Missouri Supreme Court in *City of St. Louis v. Smith*, 360 Mo. 406, 228 S.W.2d 780 (Mo.banc 1950). The court pointed out that the Commission has the authority to order reinstatement with back pay by virtue of § 7(d)[4] in instances not falling under the provisions of 7(g). As both of the subsections analyzed by the court in *Smith* are found in the present City Charter, we rule this point in favor of appellant.

■ Finally, appellant seeks the award of a reasonable attorney's fee, citing *Wolf v. Missouri State Training School for Boys*, 517 S.W.2d 138 (Mo.banc 1974). Under the holding of that case and *Stewart v. Board of Education*, 630 S.W.2d 130 (Mo.App. 1982), appellant is not entitled to an award of attorney's fees *in addition* to his damage award but rather is entitled to have those fees and any reasonable and necessary expenses incurred in connection with this lawsuit credited against the amount of income that the Commission determines appellant earned or should have earned during his leave of absence without pay. 517 S.W.2d at 147–148; 630 S.W.2d at 136.

The Commission will first determine the amount of back pay due appellant. It will then determine the amount of money that appellant earned or should have earned by reasonable diligence. Prior to deducting the latter sum from the damage award, the Commission will reduce the amount to be deducted by the expenses and attorney's fees incurred by appellant. If appellant's expenses and attorney's fees exceed the amount to be deducted in mitigation of damages, he will then receive only the initial damage award and not an amount in excess thereof.

The judgment of the circuit court is reversed and remanded with directions to the circuit court to enter a judgment affirming the decision of the Civil Service Commission which imposed a fifteen-day suspension without pay and reversing the decision of the Commission which imposed a leave of absence without pay from the end of appellant's suspension until his return to work. The circuit court is further directed to order the Commission to reinstate appellant retroactive to the end of the fifteen-day suspension and to order the Commission to conduct a hearing to determine the compensation due respondent consistent with our holding.

STEWART, P. J., and STEPHAN, J., concur.

---

**3.** The Commission shall have power and it shall be its duty to "order the reinstatement without loss of pay of any employee who has been discharged, demoted or reduced in rank or compensation for religious, racial or political reasons."

**4.** (d) Decisions.—To consider and determine any matter involved in the administration and enforcement of this article and the rules

and ordinances adopted in accordance therewith that may be referred to it for decision by the director, or on appeal by any appointing authority, employe or taxpayer of the city, from any act of the director or of any appointing authority. The decision of the commission in all such matters shall be final, subject, however, to any right of action under any law of the state or of the United States.