CERAMO COMPANY, INC., a
corporation, Appellant,

v.

Gerald H. GOLDBERG, Director of the Department of Revenue, Department of Revenue of the State of Missouri, and State of Missouri, Respondents.

No. 44644.

Missouri Court of Appeals,
Eastern District,
Division Three.

Feb. 22, 1983.

Motion for Rehearing/Transfer
to Supreme Court Denied
April 15, 1983.

Application to Transfer Denied
May 31, 1983.

Rush H. Limbaugh, Jr., Cape Girardeau, for appellant.

John Ashcroft, Atty. Gen., Richard L. Wieler, Asst. Atty. Gen., Jefferson City, for respondents.

CRANDALL, Presiding Judge.

This is an appeal from the judgment of the circuit court affirming the assessment by the Missouri State Director of Revenue of additional sales tax against the appellant. The notice of appeal from the circuit court was filed in the Supreme Court of Missouri pursuant to Mo. Const. Art. V, § 3. The Supreme Court transferred the cause to this court. The judgment of the trial court is reversed and remanded.

Appellant, Ceramo Company, is engaged in the business of manufacturing clay pots. In the manufacturing process, clay and diesel oil are mixed and then baked until hard. The diesel oil is dissipated during the baking process and remains in the final product in very minute quantities, if at all. The purpose of the diesel oil in the manufacturing process is to give the final product a smooth surface.

The controversy is whether the Department of Revenue correctly ruled that diesel oil, used by appellant in manufacturing the pots, was not exempt from state sales tax pursuant to § 144.030.3(1), RSMo (1978).[1]

■ Initially it should be noted that the nature of our review is limited to determining whether the administrative agency's findings are supported by competent and substantial evidence on the record as a whole; whether the agency's decision is arbitrary, capricious, or unreasonable; whether the decision involves an abuse of discretion; whether, for any reason, the decision is unauthorized by law or such other grounds as are found in § 536.140.2. *Stovall v. Civil Service Commission*, 636 S.W.2d

364, 366 (Mo.App.1982). The court may not substitute its judgment for that of the administrative agency and must defer to the agency's findings of fact. Yet, where the decision is clearly based upon an interpretation or application of the law, the agency's conclusions of law and decisions based thereon are matters for independent judgment of the reviewing court. In other words, the decision of the administrative agency on a question of law does not preclude, restrict, or control review of the issue by the court. *Id.* at 366. Within this narrow scope of appellate review, we now consider the contentions raised by appellant.

Section 144.020.1(1) requires payment of tax based upon the purchase price to the buyer by all sellers for the privilege of engaging in the business of selling tangible personal property at retail in this state.[2] Section 144.030.3(1) provides an exemption from the sales tax for:

Materials, manufactured goods, machinery and parts which when used in manufacturing, processing, compounding, mining, producing or fabricating become a *component part or ingredient* of the new personal property resulting from such manufacturing, processing, compounding, mining, producing or fabricating and which new personal property is intended to be sold ultimately for final use or consumption; and materials and manufactured goods which are ultimately consumed in the manufacturing process by becoming, in whole or in part, a component part or ingredient of steel products intended to be sold ultimately for final use or consumption. (Emphasis added.)

■ Respondent argues that the diesel oil is subject to taxation because it did not become a component part or ingredient of the final product, citing *Floyd Charcoal Co. v. Director of Revenue*, 599 S.W.2d 173 (Mo.

---

1. This controversy arose prior to 1978. However, no changes in RSMo 1969 occurred relevant to this case, and therefore all statutory references are to RSMo 1978 unless otherwise indicated.

2. In this case, the seller of the diesel oil did not remit tax to the State of Missouri because appellant provided him with an exemption certificate pursuant to § 144.210, RSMo (1978). Therefore, appellant rendered itself liable for the tax if the claim of exemption is found to be improper.

1980). In that case, the question raised was whether the fuel oil used to heat the ovens which baked briquettes was exempt from sales tax. The Supreme Court of Missouri held that the fuel oil was not exempt, stating that "... the statute clearly does not provide an exemption for materials solely on the grounds that they are used for processing. The further 'component part' requirement must be met and the oil used by respondent does not meet that requirement." *Id.* at 181. The *Floyd Charcoal* case is distinguishable from this case. In this case, the diesel oil was not used to heat the ovens but was blended with the clay to produce a final product. The fact that the fuel oil was consumed in the process is irrelevant because it was initially a "component part or ingredient" of the final product and was necessary to produce a high quality product.

Although exemptions from taxation are strictly construed against the taxpayer, that requirement should not nullify the legislative intent in making the exemption available. *State ex rel. Ozark Lead Co. v. Goldberg,* 610 S.W.2d 954, 957 (Mo.1981). One objective is to stimulate the economy by encouraging the production of items which are subject to sales tax. *Id.* at 957. Our decision in this case is consistent with that objective.

We therefore hold that the decision of the administrative agency imposing a sales tax on the diesel fuel was unauthorized by law. In view of our ruling, it is not necessary to consider appellant's remaining contentions. The judgment of the trial court is reversed and the case is remanded with direction to the trial court to reverse the decision of the Director of Revenue.

REINHARD and CRIST, JJ., concur.