**Thomas M. MARCIANO, Appellant,**

v.

**CIVIL SERVICE COMMISSION OF the CITY OF ST. LOUIS, Respondent.**

No. 53431.

Missouri Court of Appeals, Eastern District, Division One.

March 29, 1988.

Deborah Kay Tayon, James J. Sauter, St. Louis, for appellant.

Patricia Anne Rogers, Government Counsel, St. Louis, for respondent.

GARY M. GAERTNER, Presiding Judge.

Plaintiff-appellant Thomas Marciano appeals from the order of the Circuit Court of the City of St. Louis affirming a decision by the Civil Service Commission. The Civil Service Commission had sustained the decision by the St. Louis Department of Personnel excluding appellant from an eligibility list for the position of firefighter. On appeal, appellant argues that the trial court erred in ruling that Civil Service Rule VI, Section 18(1) [1] authorized his removal from the eligibility list. Finding appellant's contention to be without merit, we affirm.

The evidence reveals that appellant applied for the position of firefighter with the City of St. Louis through the Department of Personnel. Following a written examination, appellant was rated number fifteen on the eligible list. Appellant was informed that his eligibility was contingent on passing a medical examination. A portion of the examination included testing for illegal drugs. Appellant duly appeared for the medical examination and signed a drug screen authorization form on which appellant stipulated he had not taken "any illegal or controlled substances during the last four weeks." This form also notified appellant that he would be "eliminated from consideration if any illegal substance is detected." Appellant tested positive for marijuana and was eliminated from consideration by the Director of Personnel (Director).

Appellant maintains that the positive test result was due to passive inhalation of marijuana at a party. After appealing the Director's decision, appellant was informed that he could substantiate his claim by submitting to a polygraph examination and signing another drug screen authorization form. Appellant failed the examination. The polygraphist's report indicated that appellant exhibited emotional reactions to direct questions about marijuana use. The Director notified appellant that he had failed the polygraph test and medical examination.

1. St. Louis, Mo., Civil Service Rule VI, § 18(1) provides:

Discovery by the Director that the eligible lacks any of the qualifications prescribed as requirements for admission to the test for the class for which he has applied, or that he is physically unfit to perform effectively the duties of the class, or is addicted to habitual use of drugs or of intoxicating liquors to excess which would adversely affect his work ... or has made false statement of any material fact, or has practiced or attempted to practice deception or fraud in his application or in his tests or otherwise in securing eligibility for appointment.

Upon appeal to the Civil Service Commission, the Commission found the Director's decision in compliance with Rule VI, Section 18(1) of the Civil Service Rules. The trial court affirmed the Commission's decision and this appeal followed.

Our review is limited to whether the Commission's findings are supported by competent and substantial evidence based on the whole record. *Crafton v. State Bd. of Chiropractic Examiners,* 693 S.W.2d 320, 321 (Mo.App., E.D.1985). The reviewing court may not substitute its judgment for that of the Commission and must view the evidence in the light most favorable to the Commission's decision. *Stovall v. Civil Service Comm'n,* 636 S.W.2d 364, 366 (Mo. App., E.D.1982).

■ At the outset, we note that in order to have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must, instead, have a legitimate claim of entitlement to it. Property interests are not created by the constitution. *Board of Regents v. Roth,* 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548, 561 (1972). "A property interest can be created by ordinance, or by an implied contract." *Bishop v. Wood,* 426 U.S. 341, 344, 96 S.Ct. 2074, 2077, 48 L.Ed.2d 684 (1976). But, there is no constitutionally protected property interest in obtaining public employment. *Simon v. St. Louis County,* 656 F.2d 316, 322 (8th Cir.1981), *cert. denied,* 455 U.S. 976, 102 S.Ct. 1485, 71 L.Ed.2d 688 (1982).

■ Appellant vaguely asserts his vested right to remain on the elibibility list for the position of firefighter. No statute or case law supports this claim. Even if appellant had not been removed from the eligibility list, he would not have been guaranteed an actual job appointment. For reasons set forth below, appellant's removal was mandated by and consistent with the Civil Service rules.

The Director's decision to eliminate appellant from job consideration, which was affirmed by the Civil Service Commission, specifically relied on two provisions within Civil Service Rule VI, Section 18(1). The Commission found that: (1) appellant failed the drug screen portion of the medical examination, and (2) made a false statement of material fact and/or attempted to practice fraud and/or deception with regard to his signed statement on the drug screen authorization form.

Appellant's brief ignores the Commission's findings. Through a selective reading of Civil Service Rule VI, Section 18(1), appellant would have us hold that only proof of his addiction and habitual use of drugs or intoxicating liquors to excess which would adversely affect his work are grounds on which appellant can be eliminated from consideration for employment. The language of the rule provides a number of reasons for denying certification for appointment, including making a false statement in his application. Moreover, public policy supports this hiring procedure for firefighters. Any evidence of drug use, not merely addiction, is a sound reason to deny employment.

■ Appellant's second point on appeal attempts to equate the results of the polygraph test with inadmissible civil evidence. Moreover, appellant accuses the Director of coercion. It should be pointed out that the Director was not required to afford appellant an opportunity to rebut the medical examination's finding of drug use. In effect, it was a "second chance" which appellant was unable to capitalize on.

Relevant Missouri cases not cited by appellant recognize the propriety of polygraph tests in certain instances. *See Campbell v. Personnel Board of Kansas City,* 666 S.W.2d 806 (Mo.App., W.D.1984); *State ex rel. Bernsen v. City of Florissant,* 641 S.W.2d 477 (Mo.App., E.D.1982). In *Bernsen,* the court found that "use of a polygraph for investigative purposes and (because of public acceptance) as a means of clearing the reputation of the police after a charge of misconduct, has been recognized by the courts." *Id.* at 480.

Additionally, polygraph tests for investigative purposes are acceptable beyond the context of police investigations, as long as they relate to the business of a city. *Campbell,* 666 S.W.2d at 810–11. Provid-

ing appellant with an opportunity to substantiate his denial of drug use was related to the business of the city in fairly evaluating firefighter applicants.

There was no error in the decision of the trial court in affirming the Civil Service Commission. The evidence was competent and substantial to support the Commission's findings. Respondent's motion for damages for frivolous appeal is denied. Judgment affirmed.

REINHARD and CRIST, JJ., concur.