**ARCELIA'S MEXICANA, INC., Appellant,**

v.

**SUPERVISOR OF LIQUOR CONTROL, Respondent.**

**No. 60268.**

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 31, 1991.

GARY M. GAERTNER, Judge.

Appellant, Arcelia's Mexicana, Inc., appeals a decision by respondent, the Supervisor of Liquor Control of the State of Missouri, denying appellant's application for a retail liquor license for reasons of bad character. We reverse.

This case is complicated somewhat by the fact that some records in the case are closed as per RSMo § 610.120 (Supp.1989). We must, therefore, be circumspect regarding certain facts tangential to this matter.

On July 30, 1990, appellant filed an application for a retail liquor license with the State of Missouri. Appellant had already applied for and been granted such a license by the City of St. Louis. On August 22, 1990, respondent informed appellant by letter that its application had been denied for two reasons. Specifically, respondent claimed one of appellant's officers, directors, or shareholders had violated the terms of 11 C.S.R. 70–2.020(8) by failing to answer application question number fourteen truthfully,[1] and further, that this same person was not a person of good moral character.

Appellant appealed respondent's determination to the Administrative Hearing Commission ("Commission"). At the hearing, appellant put on a witness who attested to appellant's good character and favorable reputation in the community. After appellant rested, respondent called a police officer who testified regarding his personal knowledge of a prior bad act involving one of appellant's officers, directors or shareholders. Appellant objected vigorously, claiming that the record regarding that case was closed pursuant to RSMo §§ 610.-100–610.120 (Supp.1989). The Commission, relying on this court's recent holding in *Spradling v. Supervisor of Liquor Control,* No. 58768, 1991 WL 127444 (Mo.App., E.D. July 16, 1991), held that since the person in question had been given a suspended imposition of sentence regarding the prior bad act, appellant was entitled to answer question number fourteen in the negative. Appellant's answer, therefore,

---

William Robert Dorsey, Clayton, for appellant.

M. Melissa Manda, Liquor Control Div., Jefferson City, for respondent.

---

1. Question number fourteen on the State's liquor license application form concerns the applicant's arrest and/or conviction for any crime.

was not untruthful. The Commission further found, however, that appellant had failed to rehabilitate its good character based on the testimony of the arresting officer. Thereafter, on December 31, 1990, the Commission affirmed respondent's denial on the basis of unfit moral character. Appellant appealed the Commission's ruling to the Circuit Court of the City of St. Louis, which affirmed the Commission's ruling on April 18, 1991. Appellant now appeals the Commission's ruling to this court.

An appellate court, sitting in review of an administrative decision, reviews the findings and conclusions of the agency and not the judgment of the circuit court. *City of Cabool v. Mo. State Board of Mediation*, 689 S.W.2d 51, 53 (Mo. banc 1985). Our scope of review is limited to determining whether the administrative agency's findings are supported by competent and substantial evidence on the record as a whole; whether the agency's decision is arbitrary, capricious, and unreasonable; and whether the decision is unauthorized by law or any of the other grounds stated in RSMo § 536.140.2 (1986); *Ceramo Co., Inc. v. Goldberg*, 650 S.W.2d 303, 304 (Mo. App.1983). This court may not substitute its judgment for that of the administrative agency and must defer to the agency's findings of fact. *Id.* Where the decision is clearly based upon an interpretation or application of the law, however, the agency's conclusions of law and decisions based thereon are matters for independent judgment of this court. *King v. Laclede Gas. Co.*, 648 S.W.2d 113, 114 (Mo. banc 1983); *Spradling*, Slip op. at 5.

■ This case is solely one of statutory interpretation. At the center of the controversy is RSMo § 610.120.1 (Supp.1989). The statute provides:

Records required to be closed shall not be destroyed; they shall be inaccessible to the general public and to all persons other than the defendant except as provided in this section and section 43.507, RSMo. They shall be available only to courts, law enforcement agencies, and federal agencies for purposes of prosecu-

tion, sentencing, parole consideration, criminal justice employment, child care employment, nursing home employment and to federal agencies for such investigative purposes as authorized by law or presidential executive order.... All records which are closed records shall be removed from the records of the courts, administrative agencies, and law enforcement agencies which are available to the public and shall be kept in separate records which are to be held confidential and, where possible, pages of the public record shall be retyped or rewritten omitting those portions of the record which deal with the defendant's case. If retyping or rewriting is not feasible because of the permanent nature of the record books, such record entries shall be blacked out and recopied in a confidential book.

Thus, § 610.120.1 propounds a two-pronged test, both parts of which must be met to gain access to a closed record: (1) the entity requesting access (here, the respondent) must be a group authorized by the statute to have such access, and (2) the access must be for a proper purpose, as defined by statute. We note that respondent has conceded that the record of this particular arrest is closed pursuant to RSMo § 610.-100 et seq. Therefore, the status of the record is not at issue.

The statute allows access to closed records by three groups. We shall deal with each group separately. Closed records are made available to courts at the outset. It is obvious that the Department of Liquor Control ("Department") is not a court; respondent is not a judge. Respondent, therefore, cannot gain access to closed records under this exception.

■ Likewise, the Department is not a Federal agency. By process of elimination, the Department must be a law enforcement agency to have access to closed records. RSMo § 311.630 (Supp.1990) provides us with guidance here. The statute provides, in relevant part:

The supervisor of liquor control and twenty-four agents, assistants, deputies, or inspectors, ... are hereby declared to

be peace officers of the state of Missouri, with full power and authority to make arrests only for violations of the provisions of chapters 311 and 312, RSMo, ... and to make searches and seizures thereunder, and to serve any process connected with the enforcement of such laws. The special agents so designated ... shall have completed at least two hundred forty hours of basic law enforcement training ...

From this statute, we conclude that the legislature intended for the Department to be a law enforcement agency within the meaning of that term as used in RSMo § 610.120.1 (Supp.1989). Although appellant presented evidence supporting a contrary conclusion, we find that argument unpersuasive, especially in view of the clear intent of the legislature, as expressed in the statute.

Having satisfied the first prong of the two-pronged test expounded in § 610.120.1, respondent must satisfy the second part, namely, that he acted with a proper purpose, as set out in the statute.

█ The statute makes closed records available to authorized entities "for purposes of prosecution, sentencing, parole consideration, criminal justice employment, child care employment, or nursing home employment." *Id.* Nothing appears in the statute regarding investigations of character for issuance of a liquor license. Since no similar enumerated purpose appears in the statute, we conclude that the legislature did not intend for the Department to have access to closed records for this particular purpose, and though the Department may be able to satisfy the test of § 610.120.1 in other circumstances, it has not done so here.

It is obvious to us that, but for the closed record, respondent never would have known of the incident which lies at the center of this case. Respondent failed to introduce any evidence showing another source for its knowledge, and the evidence indicates it received a copy of the closed record. Therefore, since the closed record should never have been discovered, the only proper remedy is to remand the case for reconsideration of the evidence as it would appear had the record in question never been discovered. To do otherwise would render the statute utterly meaningless.

We therefore reverse the ruling of the Administrative Hearing Commission and remand the case for reconsideration of appellant's application as it would appear if the closed record at issue had never been discovered, and order all records of this case expunged in accordance with RSMo § 610.120.1 (Supp.1989).

REINHARD, P.J., and CRANE, J., concur.