The Honorable Kenneth C. McManaman 32nd Judicial Circuit Municipal Court Division 1736 N. Kingshighway Cape Girardeau, Missouri 63701
Dear Judge McManaman:
This opinion is in response to your questions concerning the authority of a mayor of a fourth class city to see information on cases in municipal court which are nolle prossed, dismissed or the accused is found not guilty or imposition of sentence is suspended. You indicate the purpose of such review is to determine how well the appointed city prosecutor is doing his job.
Section 610.105, RSMo 1994, provides that the records about which you are concerned are closed with certain specified exceptions. Such section provides:
 610.105. Effect of nolle pros — dismissal — sentence suspended on record. — If the person arrested is charged but the case is subsequently nolle prossed, dismissed, or the accused is found not guilty or imposition of sentence is suspended in the court in which the action is prosecuted, official records pertaining to the case shall thereafter be closed records when such case is finally terminated except that the disposition portion of the record may be accessed for purposes of exculpation and except as provided in section 610.120. (Emphasis added.)
Section 610.120, RSMo 1994, to which Section 610.105 refers, provides:
 610.120. Records to be confidential — accessible to whom, purposes — child care, defined. — 1. Records required to be closed shall not be destroyed; they shall be inaccessible to the general public and to all persons other than the defendant except as provided in this section and section 43.507, RSMO. They shall be available to the sentencing advisory commission created in section 558.019, RSMo, for the purpose of studying sentencing practices, and only to courts, law enforcement agencies, child care agencies, department of revenue for driving record purposes, facilities as defined in section 198.006, RSMo, in-home services provider agencies as defined in section 660.250, RSMo, the division of workers' compensation for the purposes of determining eligibility for crime victims' compensation pursuant to sections 595.010 to 595.075, RSMo, and federal agencies for purposes of prosecution, sentencing, parole consideration, criminal justice employment, child care employment, nursing home employment and to federal agencies for such investigative purposes as authorized by law or presidential executive order. These records shall be made available for the above purposes regardless of any previous statutory provision which had closed such records to certain agencies or for certain purposes. All records which are closed records shall be removed from the records of the courts, administrative agencies, and law enforcement agencies which are available to the public and shall be kept in separate records which are to be held confidential and, where possible, pages of the public record shall be retyped or rewritten omitting those portions of the record which deal with the defendant's case. If retyping or rewriting is not feasible because of the permanent nature of the record books, such record entries shall be blacked out and recopied in a confidential book. (Emphasis added.)
* * *
This office in Opinion Letter No. 51-87 addressed a similar issue involving a third class city. A copy of the opinion is enclosed. In that opinion, this office reviewed the statutes setting out the powers and duties of the mayor of a third class city and concluded "the mayor could be considered to be a person from a `law enforcement agency' as that term is used in Section610.120" and so could look at records closed under Sections610.100 to 610.120, RSMo 1986, "only `for purposes of prosecution, litigation, sentencing, parole consideration . . .'." Opinion Letter No. 51-87 page 3. The reasoning in that opinion is applicable to the situation about which you are concerned.
The statutes in Chapter 79, RSMo, setting out the powers and duties of a mayor of a fourth class city are similar to the statutes discussed in Opinion Letter No. 51-87 setting out the powers and duties of a mayor in a third class city operating under the provisions of Chapter 77, RSMo. Section 79.120, RSMo 1994, provides:
 79.120. Mayor may sit in board. — The mayor . . . shall exercise a general supervision over all the officers and affairs of the city, and shall lake care that the ordinances of the city, and the state laws relating to such city, are complied with.
Section 79.200. RSMo 1994, provides:
 79.200. Mayor shall have the power to enforce laws. — The mayor shall be active and vigilant in enforcing all laws and ordinances for the government of the city, and he shall cause all subordinate officers to be dealt with promptly for any neglect or violation of duty; and he is hereby authorized to call on every male inhabitant of the city over eighteen years of age and under fifty, to aid in enforcing the laws.
Because of the role of the mayor of a fourth class city in enforcing laws and ordinances, we conclude that the mayor of a fourth class city is a person from a "law enforcement agency" as that term is used in Section 610.120.
In Arcelia's Mexicana, Inc. v. Supervisor of LiquorControl, 824 S.W.2d 72 (Mo.App. 1991), the court considered a prior version of Section 610.120. The court interpreted Section610.120, RSMo Supp. 1989 as granting access to "law enforcement agencies" only for the purposes enumerated in Section 610.120. The court stated:
 Thus, Section 610.120.1 [RSMo Supp. 1989] propounds a two-pronged test, both parts of which must be met to gain access to a closed record: (1) the entity requesting access (here, the respondent) must be a group authorized by the statute to have such access, and (2) the access must be for a proper purpose, as defined by statute.
Id. at 74. The applicable provision of Section 610.120, RSMo Supp. 1989, under consideration by the court stated:
 They [the closed records] shall be available only to courts, law enforcement agencies, and federal agencies for purposes of prosecution, sentencing, parole consideration, criminal justice employment, child care employment, nursing home employment and to federal agencies for such investigative purposes as authorized by law or presidential executive order. . . .
Id. Because of the statutory amendments to Section 610.120
which have occurred subsequent to this case, it is unclear if law enforcement agencies are still limited to accessing closed records only for the enumerated purposes. To resolve the issue about which you are concerned, we need not decide such issue. One of the enumerated purposes is "criminal justice employment." You have stated the purpose of access is to evaluate the job performance of the appointed city prosecutor. Such purpose would be related to "criminal justice employment" and would be a statutorily permitted purpose for accessing the closed records. So regardless of whether or not law enforcement agencies are limited to accessing closed records only for the enumerated purposes, access by the mayor to the closed records for evaluating the job performance of the appointed city prosecutor is permissible.
You further inquire about the authority of the mayor to share information from the closed records with members of the city council and other persons. Under the provisions of Section610.105 and Section 610.120, the records are closed with certain enumerated exceptions. It would not be permissible for the mayor to share information from the closed records except as authorized in Sections 610.105 and 610.120. Furthermore, Section 610.115, RSMo 1994, provides:
 610.115. Penalty. — A person who knowingly violates any provision of section 610.100, 610.105, 610.106, or 610.120 is guilty of a class A misdemeanor.
Therefore, the mayor may not share information from the closed records with the city council or other persons except when authorized by Sections 610.105 or 610.120.
CONCLUSION
It is the opinion of this office that the mayor of a fourth class city has the authority under Section 610.120, RSMo 1994, to look at records pertaining to cases closed under Section610.105, RSMo 1994, for the purpose of reviewing the job performance of the appointed city prosecutor.
Very truly yours,
 JEREMIAH W. (JAY) NIXON Attorney General
Enclosure