Jesse Glenn BRIXEY,
Plaintiff–Respondent,

v.

PERSONNEL ADVISORY BOARD of the State of Missouri, and Division of Corrections of the State of Missouri, and Harold E. Cox, Thomas C. McKelly, Richard H. Edwards, Members of the Personnel Advisory Board, State of Missouri, and James C. Martin, Director of the Division of Corrections of the State of Missouri, Defendants–Appellants.

No. 11711.

Missouri Court of Appeals,
Southern District,
Division One.

Oct. 30, 1980.

Gregory J. Smith, Springfield, for plaintiff—respondent.

John D. Ashcroft, Atty. Gen., Neil MacFarlane, Asst. Atty. Gen., Jefferson City, for defendants—appellants.

PREWITT, Judge.

Respondent was employed as a teacher at the Fordland Honor Camp, a custodial institution operated by the Missouri Division of Corrections. His employment was terminated effective September 16, 1977. He appealed to the Personnel Advisory Board which, after hearing, upheld the dismissal. The circuit court reversed and ordered that respondent be reinstated because he did not receive a sufficient written statement setting forth the reason for his dismissal as required by § 36.380, RSMo Supp.1975.

In his appeal to the Personnel Advisory Board and in his counsel's opening remarks to that board, the respondent complained of the insufficiency of the notice in that it did not "elaborate specific incidents or circumstances upon which the Division of Corrections relied for its determination" that he had failed to perform his duties and that he "may only surmise what grounds the appointing authority relied upon in its decision to dismiss him."

The Personnel Advisory Board found that respondent "was advised of the reason for dismissal from the dismissal letter of September 12, 1977, the letter of August 16, 1977, the service report, with comments, for the period December 1, 1975, through December 1, 1976, and the disciplinary review proceeding". The board also stated in its findings of fact:

"5. Appellant did not exercise control over his students. There was a lack of discipline, students wandered about and slept in class. Appellant would sleep in class, study for college in class, and would talk in class about trivia and not educational material. Appellant did not always adhere to teachers guidelines set out in Appointing Authority Exhibit 6. Appellant did not turn in assignment sheets or do all his reports. Appellant's work was not always complete. Appellant counseled inmates on how to get around the rules. Appellant did not always give tests he was required to give. Appellant failed to give a requested job description and requested class schedules. Appellant did not prepare his share of the teaching plans. Appellant did not always report students who were absent. Appellant did not always turn in lists of his students when taking leave."

In its Conclusions of Law the board declared:

"6. The findings of fact in paragraph 7 above, individually and collectively constitute incompetency and inefficiency in the performance of the duties of a Teacher V."

There are five paragraphs in the findings of fact, numbered 1 through 5. The only paragraph showing any improper conduct on respondent's part is paragraph 5, so we conclude that the board intended to refer to paragraph 5 rather than 7 in paragraph 6 of its Conclusions of Law.

 Section 36.380 provides in part that "No dismissal of a regular employee shall take effect unless, prior to the effective date thereof, the appointing authority gives to such employee a written statement setting forth in substance the reason therefor". The purpose of such notice is to suffi-

ciently inform an employee of the reason for discharge to enable him to attempt to prepare a defense to that reason. *Giessow v. Litz*, 558 S.W.2d 742, 749 (Mo.App.1977); *Holley v. Personnel Advisory Board*, 536 S.W.2d 830, 832 (Mo.App.1976). Whether a sufficient notice was given is a question of law and the decision of the Personnel Advisory Board on this issue is not binding upon reviewing courts. See *Wolf v. Missouri State Training School for Boys*, 517 S.W.2d 138, 142 (Mo. banc 1974).

Appellants here contend that there are three documents which adequately make up the "notice of dismissal"; letters to respondent dated August 16, 1977, and September 12, 1977, and a "Service Report". The reason for the proposed dismissal and the "details surrounding the reason" are set forth in the letter of August 16, 1977, as follows:

"This letter is advance notice that it is proposed to remove you from employment of the Division of Corrections not less than ten days from the date of your receipt of this letter for the following reason:

Failure to perform the duties of Teacher V

The details surrounding the reason for this proposed separation are as follows:

A Regular Service report for the period December 1, 1975 through December 1, 1976 prepared by Mr. Rudd rates you unsatisfactory in all areas. Mr. Rudd went into great detail to describe the corrective action you were to follow in order to achieve a more acceptable service rating.

On April 15, 1977, Mr. Meader further discussed your shortcomings in the area of job performance and attempted to give positive direction to you aimed at improving your performance.

In June, 1977 Mr. Rudd reported to Mr. Meader that there had been no improvement in your performance in spite of his personal efforts to make you aware of problem areas and corrective action.

Finally, in July, 1977 Mr. Meader advised me that you had exercised extremely poor judgment in revealing informa-

tion to an inmate about material contained in his file. While there was, in fact, a discrepancy in the file, proper corrective action certainly did not require you to inform the inmate of the problem and take no further action. Mr. Meader cites this example as being typical of the general disruption you seem to cause at the institution."

The letter dated September 12, 1977, does not purport to give any reason for dismissal except for the following statement:

"This letter is in further reference to our correspondence of August 16, 1977 proposing to remove you from the employment of the Division of Corrections. The reason stated for proposing such action was:

Failure to perform the duties of Teacher V".

■ Failure to perform the duties of his job is a general statement that does not inform respondent of the charges sufficiently that he can meet them in his appeal to the board. The letter of August 16, 1977 also complains of respondent having revealed information from an inmate's file, but that was not a ground for dismissal found by the board. The reference to an apparent oral discussion with respondent adds nothing as the "shortcomings" discussed are not set forth and thus are not in writing as required by the statute.

■■ Even if we assume that the "Service Report" may properly be and was sufficiently incorporated into the notice of dismissal, we do not think it sufficiently sets forth the reason for dismissal. This report rated Mr. Brixey as "Unsatisfactory" in "Work Quality", "Work Quantity", "Work Attitudes", and "Work Habits". No reasons were given for these ratings. It does state that "Mr. Brixey is considered to be unsatisfactory in all areas. A detailed description of what this employee can do to improve his service rating is attached." That attachment is a "WORK DESCRIPTION". It sets forth information as to how the teaching should be done. It does not say how respondent was not performing his

duties. The work description appears to be information to be followed for respondent to improve his job performance. The statute requires that the reason for dismissal be given; not what one could do to improve. However, even if the work description is considered as adequately giving a reason for dismissal, appellants correctly admit that the service report did not set forth all of the grounds for dismissal found by the board. Appellants' brief states that a comparison of the service report with the board's findings "establishes the respondent had adequate notice of most of those matters proved at the evidentiary hearing". Appellants concede that the board "found reasons not included in the dismissal notice." This shows that respondent did not receive a proper written notice and thus may not have had an adequate opportunity to rebut those grounds. There is no way for us to determine if the board would have upheld the dismissal if those grounds had not been considered.

■ Appellants contend that "the direct examination of the respondent and his witnesses" at the hearing before the board shows that he had adequate notice of the reasons for dismissal. We do not see how this establishes that respondent received a written statement in compliance with the statute nor do we think that because respondent was able to respond to at least a part of the evidence it follows that he was aware prior to the hearing of all the grounds that might be brought out or used to justify his dismissal. Hearing the testimony against him, which was presented before he offered his evidence, may have allowed him to respond to some of it but perhaps not in the manner that he could have done had he received notice of it before that day. Whether, if he had adequate notice, he could have successfully defended the charges we do not know, but we know that preparation by a party and his counsel in advance of such a hearing is very important to a successful defense, and that if one is not aware of the charges, adequate preparation is not possible.

Appellants' brief also contends that the notice was sufficient because "respondent was dismissed not for one specific act or incident, or a series of the same, but for a general failure to do the job". However, counsel for the Division of Corrections in his opening statement to the board said that its evidence would "prove four things". Those were that respondent "was very often late for work"; that he took an "excessive number of absences through the combined use of his sick days and his annual leave"; that he "did not use the proper methods in training and in handling, and disciplining" the inmates and was not "keeping the proper custodial guard on the inmate students"; and "undermined inmate morale in certain ways–most often by talking to the inmates and advising them on how they could undermine the administrative techniques or administrative practices at Fordland Honor Camp." The board's findings went beyond what counsel said would be proven. Apparently even the Division's counsel did not know what its evidence might show. This further illustrates the difficulty that respondent and his counsel likely had in trying to refute the general reason given. Mr. Brixey had been employed by the Division of Corrections as a teacher for over ten years. His service report rating immediately before the report referred to in the August letter was classified as "very good". Both reports were prepared by the same person. It is not likely that just before his termination everything he was doing was wrong. His deficiencies could have been set out.

Unless the notice gives the reason sufficiently for an employee to be able to prepare for cross–examination of witnesses and the presentation of evidence to the board on the appeal, there would be little purpose in such a notice. The purported reason set forth in the letters is not adequate to inform respondent of the charges and the service report would be of slight help, if any at all. Admittedly, the documents which appellants claim made up the notice did not give respondent notice of all matters found. We believe the trial court was correct in finding that respondent re-

ceived inadequate notice of the reason for his dismissal.

The judgment is affirmed.

TITUS, P. J., and FLANIGAN and GREENE, JJ., concur.