**Don E. DeSILVA, Appellant,**

v.

**DIRECTOR, DIVISION OF AGING, DEPARTMENT OF SOCIAL SERVICES, Respondent.**

**No. 50749.**

Missouri Court of Appeals, Eastern District, Division Three.

June 10, 1986.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 16, 1986.

Application to Transfer Denied Sept. 16, 1986.

Hermann H. Eisele, St. Louis, for appellant.

Gregory W. Schroeder, Dept. of Social Services, Div. of Legal Services, Jefferson City, for respondent.

GARY M. GAERTNER, Judge.

Appellant, Don E. DeSilva, appealed to the Missouri Personnel Advisory Board after being dismissed on August 20, 1982, from his position as an environmental sanitarian with the Division of Aging. The Board disapproved appellant's dismissal, and ordered him reinstated with backpay as of February 1, 1983. Appellant appealed

that decision to the circuit court, arguing that the Board exceeded its statutory authority by failing to reinstate appellant with backpay retroactive to the date of his initial suspension, June 24, 1982. The circuit court affirmed the Board's decision. Appellant now appeals to this court, again arguing that the Board's order exceeded its statutory authority. We reverse and remand.

On June 24, 1982, appellant was suspended without pay from his position as an environmental sanitarian with the Missouri Division of Aging. On August 20, 1982, appellant was permanently dismissed from that position. Appellant thereafter appealed his dismissal to the Personnel Advisory Board.

On March 10, 1983, the Board issued an order disapproving appellant's dismissal. The Board found that appellant's conduct giving rise to the dismissal was "indiscreet" and "warranted cautioning and discipline," but that such conduct was not sufficiently "scandalous" or "disgraceful" to warrant dismissal. The Board thus ordered appellant's reinstatement as an environmental sanitarian, but only reinstated him as of February 1, 1983. The Board's order further provided that appellant would receive backpay from February 1, 1983, offset by the $49.00 per week appellant had received as unemployment compensation since that date.

Appellant thereafter appealed the Board's decision to the circuit court, arguing that the Board, having disapproved of his dismissal, was required to reinstate him with backpay as of June 24, 1982, the date of his initial suspension. The circuit court affirmed the Board's decision. Appellant now appeals to this court, arguing again that the board exceeded its authority by failing to reinstate him as of June 24, 1982.

Preliminarily, we note that it is the Board's decision, not the judgment of the circuit court, that is the subject of review by this court. *Holt v. Personnel Advisory Board,* 679 S.W.2d 340, 342 (Mo.App.1984). Section 36.390.9 RSMo Cum.Supp.1984 provides that our review of a final decision of

the Personnel Advisory Board is governed generally by § 536.140 RSMo 1978. It is well established that "[a]dministrative agency decisions based on the agency's interpretation of law are matters for the independent judgment of the reviewing court." *King v. Laclede Gas Co.*, 648 S.W.2d 113, 114 (Mo. banc 1983). *See also Ceramo Co., Inc. v. Goldberg,* 650 S.W.2d 303, 304 (Mo.App.1983) ("[T]he decision of the administrative agency on a question of law does not preclude, restrict, or control review of the issue by the court.").

The instant case rests squarely upon the Board's interpretation of § 36.390.5(1) RSMo Cum.Supp.1984. That section sets forth the applicable procedures when an employee appeals his dismissal to the Board. If the Board disapproves the employee's dismissal, it must "[o]rder the reinstatement of the employee to his former position and the payment to the employee of part or all of such salary as has been lost by reason of such dismissal...." Section 36.390.5(1) RSMo Cum.Supp.1984.

Appellant argues that the Board violated § 36.390.5(1) RSMo Cum.Supp.1984 by failing to reinstate appellant to his "former position." Appellant contends that the Board was required to reinstate him as of June 24, 1982, and to award him backpay from that date. Instead, the Board chose to reinstate appellant only as of February 1, 1983, and to award him backpay only from that date.

Appellant relies principally upon the Missouri Supreme Court's decision in *Wolf v. Missouri State Training School for Boys,* 517 S.W.2d 138 (Mo. banc 1974). In that case, the court considered the proper application of the former § 36.390.5(1) RSMo 1969. That statute provided that the Board, upon disapproving a dismissal, should reinstate the employee to his former position and order "the payment to the employee of such salary as has been lost by reason of such dismissal." That provision was thus identical to the provision at issue in the instant case, except that the words "part or all of" had not yet been added before the words "such salary." Those

words were added when the statute was amended on February 21, 1974. *See* H.B. 8, 78th Gen.Ass., 1st Spec.Sess., 1973-74 Mo.Laws 515 (effective May 2, 1974).

In *Wolf,* the Personnel Advisory Board upheld the plaintiff employee's dismissal, but the circuit court reversed and reinstated the employee with full backpay retroactive to the date of his termination. The supreme court agreed with the circuit court's decision to reinstate the employee, but held that the award of backpay was subject to the "rule of avoidable consequences." Under that rule, the backpay award must be offset by whatever amounts the wrongfully discharged employee has earned or by reasonable diligence could have earned during the period of his wrongful discharge. The court further held that in determining the amount by which the backpay award should be mitigated under the rule of avoidable consequences, the employee is entitled to have credited against such amount the reasonable attorneys' fees and expenses incurred by the employee in vindicating his right to reinstatement. 517 S.W.2d at 148.

In the instant case, appellant argues that the Board erred by failing to follow the *Wolf* court's interpretation of § 36.390.-5(1), which would require reinstating appellant with full backpay retroactive to June 24, 1982, with an offset for appellant's unemployment benefits and a credit for his attorneys' fees. Appellant contends that the 1974 amendment to § 36.390.5(1), adding the words "part or all of," did nothing more than adopt the *Wolf* court's decision applying the rule of avoidable consequences to § 36.390.5(1). Appellant thus concludes that the Board did not have discretionary authority to reinstate appellant as of any date other than June 24, 1982, nor did it have authority to award him less than his full backpay.

We cannot agree with appellant's interpretation of the 1974 amendment. First of all, the *Wolf* decision was not issued until December 16, 1974, several months after the amendment to § 36.390.5(1) was enacted and became effective. It is thus impos-

sible to seriously argue that the legislature was merely following the lead of the supreme court in *Wolf*. Secondly, had the legislature simply intended to apply the rule of avoidable consequences and allow the employee a credit for attorneys' fees, it could easily have done so in clear and unambiguous terms. This it did not do. Thirdly, the plain language of the amendment goes beyond the *Wolf* decision. The *Wolf* court held that a wrongfully discharged employee was entitled to receive *all* of his backpay, with an offset for amounts earned and a credit for attorneys' fees. The amendment, however, authorizes the Board to award the employee "part or all" of his backpay. Appellant's interpretation of the amendment is thus untenable.

We are confronted, therefore, with the problem of construing the 1974 amendment, now incorporated in § 36.390.5(1) RSMo Cum.Supp.1984. "The cardinal rule of statutory construction requires the court to ascertain the true intention of the legislature, giving reasonable interpretation in light of legislative objective." *Collins v. Director of Revenue*, 691 S.W.2d 246, 251 (Mo. banc 1985). "Words used in a statute must be accorded their plain and ordinary meaning." *State v. Burnau*, 642 S.W.2d 621, 623 (Mo. banc 1982).

We find that the legislature, by adding the words "part or all of" to the statute, intended to give the Board discretion to award a wrongfully discharged employee less than the full amount of his salary lost by reason of the dismissal. The facts of the instant case illustrate the reason for adopting such an amendment. The Board determined that dismissal was too severe a penalty in light of the charges against appellant, but that the appellant's conduct "warranted cautioning and discipline." In such a case, it is entirely appropriate that the Board have authority to reinstate the employee but deny him a part of his lost wages. We thus hold that the Board did not err in awarding backpay only as of February 1, 1983.

While the 1974 amendment expanded the Board's authority to adjust a wrongfully discharged employee's backpay award, that amendment did not affect the *Wolf* court's decision to apply the rule of avoidable consequences to § 36.390.5(1). In the instant case, therefore, the Board properly determined that appellant's backpay award should be offset by the amount of unemployment benefits he had received since February 1, 1983. The Board failed, however, to determine the amount of credit appellant should receive for his reasonable attorneys' fees and expenses. Such a determination is required under the *Wolf* decision. 517 S.W.2d at 148. We thus remand this action so that the Board may conduct an evidentiary hearing to determine the amount of credit appellant should receive for his attorneys' fees and expenses.

Although we have held that the Board acted properly with respect to the retroactivity of appellant's backpay, we nevertheless find that the Board erred in reinstating appellant only as of February 1, 1983. In so doing, the Board substantially affected appellant's retirement benefits, his position on the promotional registers and his merit pay increases. Section 36.390.5(1) RSMo Cum.Supp.1984, however, only gives the Board discretion with regard to the wrongfully discharged employee's lost salary. That statute does not allow the Board to deprive such an employee of any other benefits he may have lost by reason of his dismissal. We thus hold that the Board was required to reinstate appellant as of the date of his initial suspension, June 24, 1982.

Accordingly, the judgment of the circuit court is reversed and the cause is remanded to the circuit court with directions to enter judgment reversing the Board's decision and ordering the Board to reinstate appellant retroactive to June 24, 1982, and also ordering the Board to conduct the evidentiary hearing described above.

Judgment reversed and cause remanded with directions.

KAROHL, P.J., and SIMON, J., concur.