Beverly **CHAPMAN**, Appellant,

v.

**BOARD OF PROBATION AND PAROLE**, Respondent.

No. WD 43767.

Missouri Court of Appeals, Western District.

Aug. 6, 1991.

Jerry W. Venters, Venters, Pletz & Reed, P.C., Jefferson City, for appellant.

Michael H. Finkelstein, Gen. Counsel, Dept. of Corrections, William L. Webster, Atty. Gen., Robert P. Sass, Asst. Atty. Gen., Jefferson City, for respondent.

Before BERREY, P.J., and ULRICH and BRECKENRIDGE, JJ.

ULRICH, Judge.

Beverly Chapman appeals from the judgment affirming the Personnel Advisory Board's approval of Ms. Chapman's dismissal from employment as a Probation and Parole Officer I by the Probation and Parole Board. The decision of the Personnel Advisory Board is reviewed as if it had been directly appealed. *Fujita v. Jeffries*, 714 S.W.2d 202, 204 (Mo.App.1986). The decision of Personnel Advisory Board is affirmed.

As the first of two points on appeal, Ms. Chapman argues that the Personnel Advisory Board's decision approving her discharge by the Board of Probation and Parole denied her due process of law because the Board of Probation and Parole destroyed records which Ms. Chapman claims were necessary to prepare her defense to allegations of incompetence and breach of policy. Ms. Chapman argues that the Board of Probation and Parole's failure to provide her with the "road notes" she wrote during the conduct of her job deprived her of an opportunity to fully defend herself and present an adequate defense to the charges against her. Road notes are created by Probation and Parole Officers to maintain a diary of the officer's interaction with a supervised offender. At periodic intervals, Board of Probation and Parole policy requires officers to write a progress report about the supervised offender using the road notes the officer wrote pertaining to the offender. Policy also requires that all pertinent information about the offender within the road notes be included in the progress report about the offender. When the progress report is completed by the officer, no need exists to maintain the prior road notes, and the road notes are routinely destroyed. Appellant's supervisor testified that the road notes requested by Ms. Chapman had been destroyed or transferred to other officers. As a result, they were not available to Ms. Chapman.

■ Ms. Chapman was a nonprobationary "regular employee" (§ 36.020(10), RSMo 1986) of the Board of Probation and Parole. Regular employees of the agency are subject to dismissal for "cause" only, when the Board of Probation and Parole "considers that such action is required in the interests of efficient administration and that the good of the service will be served thereby." Section 36.380, RSMo 1986. A "regular employee," dischargeable only for cause, has a "liberty" or "property" interest protected by the 5th and 14th Amendments to the U.S. Constitutions and by Article 1, Section 10 of the Missouri Constitution. *See, Kennedy v. Robb*, 547 F.2d 408, 412–13 (8th Cir.1976). Therefore, appellant had a property interest entitling her to procedural due process.

Due process mandates that a person facing deprivation of property receive notice and an opportunity for hearing appropriate to the nature of the case. *Belton v. Board of Police Comm'rs*, 708 S.W.2d 131, 137 (Mo. banc 1986). Due process also requires that all information presented to the fact finder be made available to all parties. *Tullock v. City of St. Charles*, 602 S.W.2d 860, 862 (Mo.App.1980). Ms. Chapman neither contends that she did not receive adequate notice of the basis upon which the Board of Probation and Parole was proceeding against her, nor does she contend

that the information presented to the fact finder was unavailable to her.

■ Ms. Chapman claims that she was denied a fair hearing because she was not provided the road notes that she had prepared of interviews with offenders whom she supervised. She says that the road notes were necessary to explain discrepancies and errors in records identified by the Board of Probation and Parole. The road notes were not presented to the fact finder and the fact finder did not consider the road notes. The content and accuracy of the road notes was not in issue.

Board of Probation and Parole procedures require that all material and relevant information contained in road notes be incorporated into official records, including progress reports. Ms. Chapman wrote progress reports of offenders under her supervision, presumably using road notes and these progress reports were available to Ms. Chapman in preparing her defense. Progress reports remain a part of the offender's permanent file. Road notes are destroyed in the routine course of business. Ms. Chapman knew that road notes are routinely destroyed, and she testified that she was uncertain whether the road notes she had made would help her respond to the charges. The Personnel Advisory Board sustained Ms. Chapman's discharge because of her incompetence reflected by her errors and discrepancies memorialized by her record keeping. The unavailability of the road notes did not violate Ms. Chapman's rights to due process. Ms. Chapman's first point is denied.

■ As her second point on appeal, appellant argues that the Personnel Advisory Board's decision was not supported by competent and substantial evidence. The Personnel Advisory Board found that Ms. Chapman refused to maintain records in a meaningful manner and was insubordinate in refusing to dictate reports as her supervisor had prescribed. The Board also found that appellant was incompetent, inadequate, careless or inefficient in the performance of her duties. Ms. Chapman contended that the violations or the reported incidents were of a minor, technical nature

and not sufficient to warrant dismissal. The scope of judicial review for an administrative agency's decision is limited to a determination of whether the agency's order is supported by competent and substantial evidence based upon the whole record. *Ferrario v. Baer*, 745 S.W.2d 193, 195 (Mo. App.1987). The agency's decision is also reviewed to determine whether it was arbitrary, capricious or unreasonable, or whether the agency abused its discretion. *Id.* Substantial evidence is competent evidence which, if believed, would have probative force on the issues. *Id.* The evidence must be viewed in the light most favorable to the agency's decision. *Id.* Where the evidence before an agency warrants either of two opposing conclusions, courts are bound by the agency's findings. *Id.*

Ms. Chapman was questioned regarding thirty different instances in which she claimed contacts with clients while on annual or sick leave or in training. In response to the questions, Ms. Chapman testified that she was either unable to provide an explanation, had incorrectly filled out her application for leave or overtime, the report involved contained an improper date which was subsequently corrected, her road notes would be helpful in answering, or the progress reports contained typographical errors.

Ms. Chapman was also questioned regarding claimed office visits with offenders and incidents when she claimed to have checked the employment of offenders and no evidence of such occurrences appeared in the appropriate files. Ms. Chapman testified that she could not recall why there was not evidence in the appropriate files without referring to her road notes. Evidence was also presented of situations where Ms. Chapman had failed to submit violation reports in accordance with the Board of Probation and Parole policy. Evidence was introduced that Ms. Chapman had failed to meet with an individual under her supervision for six months, considered by the Board of Probation and Parole a serious violation of policy.

Contrary to Ms. Chapman's argument that these violations are minor, all of them

considered together establish that Ms. Chapman's record keeping and documentation were seriously deficient considering the Board of Probation and Parole's duties and obligations. The Board of Probation and Parole must assure that the documents it maintains and presents regarding offenders under its supervision are accurate.

The Board of Probation and Parole is invested with authority to dismiss Ms. Chapman for cause when it determines that such action is required in the interests and efficient administration and that the good of the service will be served thereby. Section 36.380, RSMo Supp.1991. The record contains competent and substantial evidence to support the allegation that Ms. Chapman's dismissal was required in the interests of efficient administration and that the good of the service was served thereby. Ms. Chapman's second point is denied.

The decision of the Personnel Advisory Board is affirmed.

All concur.