**Henry McCALL, Respondent,**

v.

**JoAnn GOLDBAUM, Superintendent St. Louis Developmental Disabilities Treatment Centers, et al., Appellant.**

**No. 63606.**

Missouri Court of Appeals,
Eastern District,
Division One.

Oct. 5, 1993.

Jeremiah W. (Jay) Nixon, Atty. Gen., Brent Cantor, Asst. Atty. Gen., Jefferson City, for appellant.

Alan G. Kimbrell, St. Louis, for respondent.

CRIST, Judge.

Affirmed with directions for case to be remanded to Board to determine amount of back pay.

On December 1, 1989, Employee, McCall, received a letter discharging him from his position as a Developmental Assistant I with the St. Louis Developmental Disabilities Treatment Centers (Employer) effective December 12, 1989. The letter stated the reason for his dismissal was Class II neglect, sexual abuse of clients, and consumption of alcohol on duty. According to the Counseling and Disciplinary guidelines contained in the record, sexual abuse of clients is the only one of these charges which carries a punishment of dismissal for a first offense.

Employee appealed his dismissal to the Personnel Advisory Board (Board). On May 29, 1990, the Board's Hearing Officer, Gene W. Spitzmiller, conducted a hearing. On June 22, 1990, the Board issued findings of fact and conclusions of law, stating: "[t]he reason given for the dismissal was Class II Neglect, sexual abuse of clients, and consumption of alcohol while on duty." It then concluded Employee was "guilty of abusive or improper treatment toward residents of St. Charles Habilitation Center" but he "did not consume alcohol on the premises." The Board made no findings as to whether Employee was guilty of either Class II neglect or sexual abuse of clients.

Employee sought judicial review in the St. Louis City Circuit Court, alleging the Board wrongfully found him guilty of an offense for which he was not charged. The trial court

found in favor of Employee and reversed the Board's decision. In doing so, it found:

> The board reviewed the dismissal of the Petitioner for three reasons: Class II Neglect, Sexual Abuse of clients, and consumption of alcohol. In order to support the *dismissal* of the Petitioner the Board would have to have found Petitioner 'guilty' of sexual abuse of clients. It did not. Instead the Board found the Petitioner 'guilty' of an entirely different offense, Client Abuse and Neglect, the penalty for which is also dismissal. To find Petitioner 'guilty' of an offense that he was not cited with violating is both an abuse of discretion and arbitrary, capricious, and abusive. Even after a review of the offense of Client Abuse and Neglect, DOR 2.205, 1 CSR 20–3.070(2)(D) the Court is not convinced that the Board's decision was supported by competent and substantial evidence upon the record.

The court ordered Employee reinstated with full back pay. Employer appeals alleging the Board's decision to terminate Employee was supported by competent and substantial evidence on the whole record and was not an abuse of discretion. Employer also argues, in the event the court's decision is upheld, the case should be remanded to Board to determine the amount of back pay.

■ On appeal, we review the decision of the Board, not the decision of the circuit court. *Brougham v. City of Normandy*, 812 S.W.2d 919, 921[1] (Mo.App.1991). In reviewing this decision, we determine whether the Board could have reasonably reached its decision. *Kramer v. Mason*, 806 S.W.2d 131, 134[2] (Mo.App.1991). We may not substitute our judgment of the evidence for that of the Board, and we may not set aside the Board's decision unless it is not supported by competent and substantial evidence. *Id.* However, we are not bound by the Board's decision on questions of law. *Brixey v. Personnel Advisory Bd.*, 607 S.W.2d 825, 827[2] (Mo.App.1980).

■ Regular, nonprobationary employees of the State of Missouri have a "property" interest in their job and can be discharged only for cause. *Chapman v. Board of Probation and Parole*, 813 S.W.2d 370, 371[1] (Mo.App.1991). Due process requires a person facing deprivation of a property interest must receive notice and an opportunity for a hearing appropriate to the nature of the case. *Moore v. Bd. of Educ. of Fulton School*, 836 S.W.2d 943, 947 (Mo. banc 1992). Whether adequate notice was given is a question of law; therefore, the decision of the Board is not binding on the reviewing court. *Brixey*, 607 S.W.2d at 827.

■ Section 36.380, RSMo 1986, provides in part: "[n]o dismissal of a regular employee shall take effect unless, prior to the effective date thereof, the appointing authority gives to such employee a written statement setting forth in substance the reason therefor and files a copy of such statement with the director." The purpose of this notice requirement is to adequately inform an employee of the reason for his discharge and to enable him to attempt to prepare a defense to that reason. *Brixey*, 607 S.W.2d at 827.

■ The letter sent to Employee stated: "[t]he reason for your dismissal is Class II Neglect, Sexual Abuse of St. Louis Developmental Disabilities Treatment Centers clients and Consumption of Alcohol While on Duty." This notice alone did not enable Employee to prepare a defense to "abusive or improper treatment toward residents."

Employer's reply brief argues Employee was given adequate notice of these charges because Employee's dismissal letter contained definitions of abuse and neglect from the subchapter on Investigation Procedure in the Department Operating Regulations, and because the letter fully set forth the events Employer alleged took place on the night of August 22, 1989. Employer contends this was sufficient since "[l]ogically, an alleged wrongdoer can successfully defend against allegations where the charges are fully described rather than identified by specific label."

We disagree. First, Employer may not rely on information contained in the Department's Operating Regulations, other than the definitions in Employee's dismissal letter, to establish notice.

Second, the definition of abuse and neglect and the summary of Employer's version of

the story did not apprise Employee he was being charged with "abusive or improper treatment toward residents of St. Charles Habilitation."

In *Brixey*, a similar case involving insufficient notice, an employee received several letters outlining specific instances where he allegedly failed to perform his duties as a teacher. 607 S.W.2d at 827. These notices also stated the reason for the employee's dismissal was failure to perform the duties of his job. *Id.* The court in *Brixey* found this notice was not sufficient to allow employee to meet the charges against him on appeal. *Id.* Accordingly, the letter outlining Employer's side of the story and defining abuse and neglect, but not specifying the charges Employer intended to prove against Employee, did not afford him sufficient notice.

Employer also argues there was substantial and competent evidence in the record to support findings of sexual abuse of clients and Class II neglect. Therefore, Employer alleges Employee's dismissal may not be overturned. *Kramer*, 806 S.W.2d at 134. According to Employer's Counseling and Disciplinary guidelines, sexual abuse of clients is the only offense charged which would justify dismissal for a first offense. These guidelines only allow suspension for a first offense of Class II neglect or consumption of alcohol. Therefore, the argument there was sufficient evidence to support a finding of Class II neglect is irrelevant.

Employer's argument there was substantial and competent evidence to support a finding of sexual abuse of clients is also without merit. This is not the offense the Board found Employee committed. They found him guilty of "abusive or improper treatment." Therefore, it is irrelevant whether there is substantial and competent evidence in the record to support this finding.

The trial court was correct in holding Employee received inadequate notice of the reason given by the Personnel Advisory Board for his dismissal. *Brixey*, 607 S.W.2d at 828–29. Therefore, we uphold the trial court's decision reinstating Employee and reverse the decision of the Board.

Employer's second point argues in the event Employee's reinstatement is upheld, the case should be remanded to the Board to determine the precise amount of back pay. In his brief, Employee concedes the case should be remanded for an evidentiary hearing to determine the amount of his back pay.

Section 36.390.5 authorizes the Board in ordering reinstatement of an employee, to order "payment to the employee of *part or all* of such salary as has been lost by reason of such dismissal." § 36.390.5, RSMo 1986 (emphasis added). This statutory provision has been interpreted to give the Board discretion to award a wrongfully discharged employee "less than the full amount of his salary lost by reason of the dismissal." *DeSilva v. Director, Div. of Aging*, 714 S.W.2d 690, 693 (Mo.App.1986). Therefore, we remand to the Board to make this decision.

The judgment of the circuit court reinstating Employee's employment is affirmed and the Board's decision reversed. However, we remand to the Personnel Advisory Board to determine the amount of back pay due Employee, including any offsets or credits.

CRANDALL, P.J., and REINHARD, J., concur.