**Johnnie Earl GRUNWALD, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–96–168–CR.**

Court of Appeals of Texas,
Corpus Christi.

Dec. 11, 1997.

David K. Chapman, Fort Worth, for Appellant.

Carl Lewis, County Atty., Corpus Christi, Laura Garza Jimenez, Asst. County Atty., Corpus Christi, for State.

Before DORSEY, FEDERICO G. HINOJOSA, Jr., and YANEZ, JJ.

## OPINION ON MOTION
## FOR REHEARING

DORSEY, Justice.

Appellant takes us to task for failure to address his complaint on the asserted state grounds as opposed to the federal grounds upon which he alleges our opinion was based. He points to case law standing for the proposition that, where state law is asserted as the basis for an appeal, it is error for an appellate court to rely on federal constitutional grounds in answering that appeal. While we do not disagree with appellant on this point, we nevertheless disagree with his conclusion in this case.

 The bases for appellant's challenge are various Texas Local Government Code provisions regarding the duty of local government agencies to keep and maintain records. His challenge is predicated on the proposition that, by destroying records in violation of the local government code, the State denied him access to exculpatory evidence. We note here, as in our original decision, the duty to preserve evidence in Texas is limited to evidence that possesses an apparent exculpatory value. *See Ex parte Brandley,* 781 S.W.2d 886, 894 (Tex.Crim. App.1989), and *McDonald v. State,* 863 S.W.2d 541, 543 (Tex.App.—Houston [1st Dist.] 1993, no pet.). This duty arises solely through incorporation and application of federal law. Texas law recognizes no independent duty in this arena, consequently, any challenge to prosecution based on the failure to disclose exculpatory evidence must, perforce, be grounded in federal constitutional law as well as applicable state interpretations. Our original opinion properly cites the controlling authority.

Appellant's motions for rehearing and rehearing en banc are DENIED.