Terry BLACK, Respondent,

v.

George LOMBARDI, Director, Adult Institutions, Missouri Department of Corrections, Appellant.

No. 72788.

Missouri Court of Appeals,
Eastern District,
Southern Division.

May 26, 1998.

Jeremiah W. (Jay) Nixon, Atty. Gen., Maria W. Campbell, Asst. Atty. Gen., Jefferson City, for appellant.

Kenneth A. Seufert, Farmington, for respondent.

ROBERT G. DOWD, Jr., Judge.

Appellant, George Lombardi, Director of the Division of Adult Institutions in the Missouri Department of Corrections, appeals the circuit court's judgment reversing the decision of the Personnel Advisory Board (Board). We reverse the judgment of the trial court and reinstate the Board's decision approving the suspension of Terry Black.

On February 17, 1994, Terry Black, a Corrections Officer III at the Farmington Correctional Center (Respondent), was charged with third-degree assault in the Circuit Court of St. Francois County. In a letter dated April 25, 1994, Appellant notified Respondent that he was suspended, without pay, for a period of 20 working days because of the pending assault charge. Specifically, the letter stated:

For the reasons indicated herein, you are hereby notified of your suspension without pay from your position as a Corrections Officer III for a period of twenty (20) working days effective May 12, 1994 through June 6, 1994. This action is being taken subject to your right to show reasons why this suspension should not be effected....

The specific reason for your suspension is that on February 17, 1994, you were charged with Assault 3 rd Degree in St. Francois County. According to documentation submitted to this office, this case is still pending. As a Corrections Officer III, you are in a very sensitive position with a high degree of inmate contact. Your current situation would jeopardize your effectiveness as an institutional employee.

In a letter dated May 23, 1994, Appellant informed Respondent that the suspension was extended through July 29, 1994, because the assault charge was still pending. Both letters informed Respondent of his right to appeal the suspension. On June 3, 1994, Respondent applied for appeal to the Board

regarding his suspension. On or about July 8, 1994, the State of Missouri entered a Nolle Prosequi of the assault charge filed against Respondent, the effect of which was a dismissal of the charge. In a letter dated July 14, 1994, Respondent's attorney requested that the Board take summary action in light of the fact that the assault charge against Respondent had been dismissed. In a letter dated July 18, 1994, the hearing officer for the Board notified Respondent's attorney that it denied Respondent's request. The parties then submitted the case to the Board on stipulated facts; they presented no testimonial evidence.

On April 7, 1995, the Board issued its Findings of Fact, Conclusions of Law, Decision and Order, wherein it approved the actions of Appellant in suspending Respondent. The Board concluded that an

Appointing Authority may suspend an employee for cause when such action constitutes efficient administration and the suspension serves the good of the service. The Appointing Authority may also suspend an employee under the provision of 36.370, RSMO [sic] 1994, pending the investigation or trial of charges against the employee. In administering such suspension, the Appointing Authority must set forth in writing the reasons for such suspension and give a copy of same to the employee. The Appointing Authority, in this case, fulfilled those procedural requirements.

The Board further concluded the suspension was appropriate for the "good of the service" in light of the fact that an assault charge was pending against Respondent.

On May 2, 1995, Respondent filed a "Petition for Review" of the Board's decision in the Circuit Court of St. Francois County. On May 22, 1997, the court issued an Order reversing Respondent's suspension concluding that "[s]uspension should be for conduct and not for status." The court ordered that Respondent be reinstated and be restored all pay and benefits to which Respondent would have been entitled had the suspension never occurred. The court also granted Respondent leave to apply for an award of attorney's

fees. In a final judgment issued on June 23, 1997, the court ordered the Missouri Department of Corrections to pay Respondent's attorney's fees and out-of-pocket expenses of $3,005. This judgment also incorporated by reference, and made final, its order of May 22, overruling the actions of Appellant. This appeal followed.

■ First, we will address Respondent's assertion to this court that the Board's decision was properly reversed because the "notice of suspension was inadequate to comply with due process, i.e., it failed to specify what misconduct justified Respondent's suspension." This is the first time Respondent has asserted inadequate notice. Respondent complained of insufficient notice in neither his application for appeal to the Board nor in his petition for review in the circuit court. An appellate court "will not set aside an administrative action unless the agency has been given a prior opportunity to consider the point." *Jackson v. Sayad,* 741 S.W.2d 847, 850 (Mo.App. E.D.1987). Therefore, Respondent has waived this argument. *Artman v. State Bd. Of Registration for Healing Arts,* 918 S.W.2d 247, 252 (Mo.1996).

However, even if we were to review Respondent's claim *ex gratis,* we find it is without merit. Respondent argues the notice was inadequate because it contained insufficient details so as to inform Respondent and allow him to defend himself and oppose the suspension. Specifically, Respondent argues the notice was inadequate in that it failed to inform him of (1) the time and place of the occurrence; (2) name of the victim; and (3) details of the alleged misconduct.

■ Before an appointing authority suspends an employee, he or she must fulfill certain detailed requirements as set out in the Code of State Regulations (CSR). *Division of Family Services v. Cade,* 939 S.W.2d 546, 551 (Mo.App. W.D.1997). Section 1 CSR 20–3.070(3)(A) provides: "Any employee being suspended shall be furnished with a statement in writing specifically setting forth the reasons for the suspension." This notice requirement allows an employee to "protect himself from unfair suspension." *Cade,* 939

S.W.2d at 552; *see also McCall v. Goldbaum,* 863 S.W.2d 640, 642 (Mo.App. E.D.1993). "Whether adequate notice is given is a question of law...." *Id.* In *Cade,* the court found the following notice inadequate on grounds that it was too broad and general: " 'You are being suspended pending further investigation of charges of alleged sexual harassment of fellow employees by your actions which are perceived by them as creating a hostile work environment....' " *Id.* at 548. Here, however, the notice given Respondent was not too general or broad in that it specifically informed Respondent that he was suspended because he was charged on February 17, 1994, with Assault 3rd Degree in St. Francois County. This information clearly informed Respondent of the reason for his suspension and allowed him to protect himself against an unfair suspension. As we find that notice was adequate, we now turn to Appellant's points on appeal.

In his first point on appeal, Appellant argues the Board's decision should be reinstated because Section 36.370, RSMo 1994,[1] authorizes "an appointing authority, for disciplinary reasons, to suspend employees without pay for twenty working days and for a longer period pending the investigation or trial of any charges against them." In his second point on appeal, Appellant also argues that in reversing the Board's decision, the court improperly substituted its judgment for that of the Board's judgment.

Respondent, however, argues that the Board's decision approving his suspension was unlawful because neither Section 36.370 nor the regulations authorize the appointing authority to suspend an employee because a misdemeanor assault third-degree charge has been filed or is pending against the employee. Respondent also asserts that the Board's decision approving Respondent's suspension was arbitrary, capricious, an abuse of discretion, and not for the good of the service. Respondent argues that it is not enough that criminal misdemeanor charges be filed against an employee, but that the appointing authority must "plead the underlying conduct and provide a good faith explanation as to how such underlying facts will affect or im-

---

**1.** All statutory references herein are to RSMo 1994 unless otherwise cited.

pede the employee's ability to perform his duties."

We review the findings and conclusions of the administrative agency and not the judgment of the circuit court. *Kramer v. Mason,* 806 S.W.2d 131, 134 (Mo.App. E.D.1991). We will uphold the agency's decision "unless it exceeds agency authority; it is not based upon substantial and competent evidence on the record as a whole; it is unreasonable, arbitrary or capricious; it involves an abuse of discretion; or it is otherwise unlawful." *Missouri Dept. of Corrections v. Cheeney,* 926 S.W.2d 939, 941 (Mo.App. W.D.1996). We may not "substitute our judgment for the agency's lawful exercise of discretion." *Lowe v. Lombardi,* 957 S.W.2d 808, 811 (Mo.App. W.D.1997). However, " 'administrative agency decisions based on the agency's interpretation of law are matters for the independent judgment of the reviewing court.' " *DeSilva v. Director, Div. Of Aging, Dept. of Social Services,* 714 S.W.2d 690, 692 (Mo.App. E.D.1986). Accordingly, we are not "bound by the Board's decision on questions of law." *McCall v. Goldbaum,* 863 S.W.2d 640, 642 (Mo.App. E.D.1993).

In approving Respondent's suspension, the Board found that suspending Respondent while an assault charge was pending against him was for good cause and for the good of the service. The court, however, reversed the Board's decision relying on the fact that the regulations did not authorize suspending an employee because a criminal misdemeanor charge had been filed against him or her. The court explained that "[a]lthough 1 CSR 20–3.070 states that suspension, demotion or dismissal may occur for other serious causes, this Court finds that the filing of a misdemeanor assault charge is not other serious causes."

Section 36.370 authorizes and provides the procedure for suspending employees:

> [a]n appointing authority may, for disciplinary purposes, suspend without pay any employee in his division for such length of time as he considers appropriate, not exceeding twenty working days in any twelve-month period.... With the approval of the director, *any employee may be suspended for a longer period pending the investigation or trial of any charges against him.*

(Emphasis ours). The Board has adopted 1 CSR 20–3.070(2) which lists a number of specific situations that are grounds for an employee's suspension, demotion or dismissal. *Kyle v. State Personnel Advisory Bd.,* 607 S.W.2d 848, 849 (Mo.App. W.D.1980). This list, however, is not exhaustive. The regulation expressly states that a suspension, demotion or dismissal "may be based upon causes other than those enumerated in this rule." 1 CSR 20–3.070(2).

It is undisputed that a criminal charge of third-degree assault was pending against Respondent. As a Corrections Officer III, Respondent was required to possess certain "knowledges, skills, and abilities," including the "ability to gain and hold the confidence and respect of staff and inmates." Appellant found that as a Corrections Officer III, Respondent was "in a very sensitive position with a high degree of inmate contact," and that having a criminal charge pending against Respondent "would jeopardize [his] effectiveness as an institutional employee." Appellant's decision that a criminal charge pending against Respondent could affect his ability to gain and hold the confidence of staff and inmates, and therefore, be detrimental to the good of the service, was within the statutorily prescribed rules and within his discretion, and was not arbitrary or capricious. *See Missouri Dept. of Corrections v. Cheeney,* 926 S.W.2d 939 (Mo.App. W.D.1996) (upholding the Department of Corrections' decision to dismiss an employee on grounds that the employee's guilty plea to a charge of misdemeanor assault embarrassed the Department as within the Department's discretion). In so holding, we decline to substitute our "discretion for the discretion legally vested in the appointing authority." *Jarrett v. Hill,* 648 S.W.2d 170, 174 (Mo.App. E.D.1983).

Finally, in his third point on appeal, Appellant asserts the "circuit court erred in ordering the department of corrections to pay Respondent's attorney's fees and expenses." Appellant argues the award of attorney's fees was "arbitrary, capricious, unreasonable and

contrary to law, because the record as a whole reflects that the department of corrections was substantially justified in suspending Respondent while assault charges were pending."

Pursuant to Section 536.087.1, " 'a party who prevails in an agency proceeding or a civil proceeding arising therefrom, ... shall be awarded those reasonable fees and expenses incurred by that party in the civil action or agency proceeding, unless the court or agency finds that the position of the state was substantially justified or that special circumstances made an award unjust.' " *State ex rel. Div. Of Transp. v. Sure–Way Transp., Inc.*, 948 S.W.2d 651, 656 (Mo.App. W.D. 1997). Because we find Appellant acted lawfully in suspending Respondent, he is no longer the prevailing party entitled to fees and expenses. Accordingly, the circuit court's award of attorney's fees and expenses to Respondent is reversed.

We reverse the judgment of the trial court and order that the Board's decision approving Respondent's suspension be reinstated.

CRANE, P.J., and RICHARD B. TEITELMAN, J., concur.