**Patsy SEABAUGH, Appellant,**

v.

**Martha CASSELL, Administrator, Cottonwood Treatment Center, Department of Mental Health, Respondent.**

**No. ED 74413.**

Missouri Court of Appeals,
Eastern District,
Southern Division.

Aug. 10, 1999.

Benjamin Lewis, Vogel, Layton & Lewis, L.L.C., Cape Girardeau, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Timothy A. Hausman, Patricia A. Molteni, Asst. Attys. Gen., Jefferson City, for respondent.

LAWRENCE G. CRAHAN, Judge.

Patsy Seabaugh appeals the decision of the Personnel Advisory Board ("Board") upholding her dismissal from her position as a Clinical Casework Assistant at Cottonwood Treatment Center ("Cottonwood") after Employee failed to follow facility procedures in an emergency situation. The trial court reversed Board's decision and ordered Employee reinstated. Cottonwood appeals.[1] We reverse the judgment of the trial court and reinstate Board's decision.

Cottonwood is a facility run by the Department of Mental Health ("Department") that works with emotionally disturbed children. The children live · at Cottonwood in cottages that house up to

---

**1.** Although Cottonwood filed the appeal, Employee remains the appellant pursuant to Rule 84.05(e).

eight children. In December 1995, Employee was the cottage supervisor for 13–year–old Alice Canfield who had come to stay at Cottonwood the previous August. Alice had spells where she would inflict bodily harm upon herself by banging her head. On December 6, 1995, Alice was being restrained to prevent her from banging her head upon a desk. While Alice was face down on the floor, Employee held her legs and an assistant pinned Alice's arms underneath her stomach. They had been restraining Alice for over 15 minutes when Alice stopped struggling. They then turned Alice over. Alice was unconscious. Employee noticed that Alice's lips were blue. Employee did not initiate CPR. Employee had been trained to perform CPR and Department regulations required that she perform CPR in such a situation. The assistant told Employee to call the nurse. Employee called the nurse on duty but did not indicate the urgency of the situation. The nurse arrived several minutes after Alice had stopped breathing. Alice went to the hospital where she was placed on life support. The following day life support was removed and she died.

Employee was given an immediate leave of absence and the incident was investigated. On May 29, 1996, Employee was notified by letter that she would be discharged effective June 5, 1996. The stated reason for her discharge was Class I Neglect by failing "to follow facility procedures when during a physical restraint you participated in, a client stopped breathing and had no pulse.... Your failure to follow facility policies during this emergency situation requires your dismissal in the interest of efficient administration and for the good of the service."

Board held a full hearing on the case. Employee presented evidence that she failed to respond to the emergency situation because she was suffering from Post Traumatic Stress Disorder ("PTSD") caused by the recent death of her mother. Employee introduced evidence of her dissociative disorder at the hearing. Psychiatrists testified on behalf of Employee and Cottonwood that Employee suffered from PTSD. Dr. Peters, a psychiatrist, testified that if Employee returned to work she would likely have another dissociative episode. He testified that 50% of PTSD sufferers who receive treatment do have a repeat episode. PTSD sufferers also tend to avoid traumatic situations similar to the ones that triggered their dissociative episodes. Because Employee had discontinued treatment and would be exposed to situations at work similar to the one which triggered the prior dissociative episode, Dr. Peters concluded that if Employee returned to work, she would likely suffer another episode.

Board found that Employee had committed Class I Neglect and such conduct was serious enough to warrant dismissal for the good of the service. Employee appealed Board's decision to the circuit court. The trial court reversed.

We review Board's decision, not the circuit court's judgment. *McCall v. Goldbaum*, 863 S.W.2d 640, 642 (Mo.App.1993). This court may not substitute its judgment of the evidence and may not set aside Board's decision unless it is not supported by competent and substantial evidence. *Id.* The scope of review is limited to a determination of whether the decision exceeds agency authority, is unsupported by competent and substantial evidence based on the record as a whole, is arbitrary, capricious, or unreasonable, involves abuse of discretion, or is otherwise unlawful. *Prenger v. Moody*, 845 S.W.2d 68, 73–74 (Mo.App.1992).

Board found that Employee violated Department Operating Regulation ("DOR") 2.205(1)(A) which defines Class I Neglect as: "failure of an employee to provide reasonable and necessary services to maintain the physical and mental health of any client when such failure presents either imminent danger to health, safety or welfare, or a substantial probability that death or physical injury would result." An em-

ployee must be dismissed if an investigation reveals that the employee is guilty of Class I Neglect. DOR 2.205(11).

■ Employee first argues that Board's decision is not supported by competent and substantial evidence because she did not willfully commit Class I Neglect. The rule does not require a culpable mental state. The purpose of the regulation is to protect the health and welfare of the clients. Employees are not dismissed as a punitive measure but instead when the dismissal is "for the good of the service." Accordingly, there is no volitional requirement to the regulation and one will not be imputed. Point denied.

■ Employee next alleges that Board affirmed her dismissal based on the likelihood that she would suffer another dissociative episode from her PTSD. We have reviewed the dismissal letter and Board's order and find that Employee was dismissed for committing Class I Neglect. Employee introduced evidence regarding her PTSD as support for her claim that her dismissal was not for the good of the service. Based on this evidence, Board found that Employee suffered from PTSD and that it was likely that she would suffer another dissociative episode if she continued working at Cottonwood. Although this finding was a basis for its conclusion that Employee's dismissal would be for the good of the service, it was not the reason for dismissal.

■ Employee also claims that there was not competent and substantial evidence to support Board's finding that she was likely to suffer another dissociative episode if she continued working at Cottonwood. We disagree. Dr. Peters' testimony described above provides a sufficient basis for this finding.

■ Employee further argues that Administrator was required to state in the dismissal letter that PTSD was the grounds for her dismissal. Administrator was required to inform Employee by letter of the grounds for her dismissal. CSR 20-

3(5). As discussed above, however, Employee's PTSD was not the reason for her dismissal. Employee's evidence of PTSD bore on the issue of whether her dismissal was for the good of the service. There is no requirement that the reasons supporting Board's finding as to the good of the service must be detailed in Employee's dismissal letter. Accordingly, Administrator's letter informing Employee of the circumstances constituting Class I Neglect satisfied the regulation.

The judgment of the trial court is reversed and the decision of the Personnel Advisory Board is reinstated.

RHODES RUSSELL, P.J.,
LAWRENCE E. MOONEY, J., Concur.