MISSOURI DEPARTMENT OF COR-RECTIONS, George Lombardi, Division of Adult Institutions, Respondent,

v.

Bill CHEENEY, Appellant.

No. WD 51767.

Missouri Court of Appeals, Western District.

Aug. 20, 1996.

---

Joel P. Kidwell, Cronan & Robinson, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Eva C. Sterner, Assistant Attorney General, Jefferson City, for respondent.

Before ULRICH, C.J., P.J., and LOWENSTEIN and BRECKENRIDGE, JJ.

ULRICH, Chief Judge.

Bill Cheeney appeals the trial court's decision reversing the Personnel Advisory Board's order disapproving his dismissal by the Missouri Department of Corrections and ordering his reinstatement with back pay. The judgment of the trial court is affirmed.

On August 25, 1994, Mr. Cheeney pleaded guilty to the charge of class A misdemeanor assault, § 565.070, RSMo 1994. The court suspended the imposition of sentence and placed Mr. Cheeney on probation for two years with special conditions. On September 6, 1994, the Missouri Department of Corrections (Department) informed Mr. Cheeney by letter of his dismissal from his position as a Corrections Officer II effective September 14, 1994.

Pursuant to section 36.390.5, RSMo 1994, Mr. Cheeney appealed his dismissal to the Personnel Advisory Board (Board) on September 22, 1994. Following a hearing, the Board issued findings of fact and conclusions of law on April 7, 1995, disapproving Mr. Cheeney's dismissal and ordering him reinstated with back pay. On May 1, 1995, the Department filed a petition for judicial review pursuant to section 536.100, RSMo 1994, in the Circuit Court of Cole County. In its findings of fact and conclusions of law, the trial court concluded that the Board, in disapproving the dismissal of Mr. Cheeney, misapplied the law to the facts and exceeded its authority. The Court further found that the Board abused its discretion in substituting its judgment for that of the Department. For

these reasons, the court reversed the decision of the Board and ordered reinstatement of Mr. Cheeney's dismissal. This appeal followed.

■ Appellate review of an administrative decision is limited to reviewing the decision of the agency, not the judgment of the trial court. *Prenger v. Moody*, 845 S.W.2d 68, 73 (Mo.App.1992). Evidence is viewed in the light most favorable to the agency's decision. *Id.* The decision will be upheld unless it exceeds agency authority; it is not based upon substantial and competent evidence on the record as a whole; it is unreasonable, arbitrary or capricious; it involves an abuse of discretion; or it is otherwise unlawful. *Id.* at 73–74.

■ Section 36.380, RSMo 1994, authorizes dismissal for cause of any employee by an appointing authority "when [the authority] considers that such action is required in the interest of efficient administration and that the good of the service will be served thereby." § 36.380, RSMo 1994. Section 36.390.5, RSMo 1994, provides that an employee may appeal his dismissal to the Personnel Advisory Board upon that employee asserting his reasons for claiming that the dismissal was for "political, religious, or racial reasons, or not for the good of the service." § 36.390.5, RSMo 1994; *Campbell v. Jeffries*, 753 S.W.2d 93, 95 (Mo.App.1988). After a hearing and consideration of the evidence for and against a dismissal, the Board shall approve and sustain the dismissal of the employee or disapprove the dismissal and order the reinstatement of the employee to his former position with back pay. § 36.390.5(1)–(3), RSMo 1994. The authority of the Board to approve or disapprove a dismissal, however, does not extend discretion to the Board to override the judgment of the appointing authority that dismissal of an employee is for the good of the service. *Campbell*, 753 S.W.2d at 95.

■ In the September 6, 1994, notice of dismissal sent to Mr. Cheeney, the Department noted (1) that Mr. Cheeney had been involved in a domestic disturbance on July 30, 1994, in which he assaulted his wife, Mary Cheeney, by striking her with his hands and fists; (2) that a knife and handgun were also used in the assault; and (3) that as a result of the July 30 incident, Mr. Cheeney had been found guilty of third degree assault and placed on supervised probation.[1] The Department further explained:

> The situation in which you were involved placed the Missouri Department of Corrections in a position of embarrassment. As a Corrections Officer, you are obligated to uphold the statutes of the State of Missouri. As a member of a criminal justice agency, you failed to do this.

> For these reasons, your services as a Corrections Officer are no longer needed.

In his Application of Appeal to the Personnel Advisory Board, Mr. Cheeney claimed that his dismissal was not for the good of the service. He explained that the allegation contained in the September 6, 1994, dismissal letter that he was found guilty of assault in the third degree and placed on supervised probation was incorrect.

Following a hearing held on December 21, 1994, the Board issued its findings of fact and conclusions of law disapproving Mr. Cheeney's dismissal. It found that Mr. Cheeney pleaded guilty on August 25, 1994, to a charge of misdemeanor assault and was placed on unsupervised probation for two years. The Board concluded that the associate circuit court's finding of guilt on a charge of misdemeanor assault when followed by a suspended imposition of sentence did not amount to a conviction for a misdemeanor offense involving moral turpitude and, therefore, the dismissal was not for good cause or for the good of the service. The Board further held that the finding of guilt and suspended imposition of sentence did not embarrass the Department. For these reasons, the Board ordered the Department to reinstate Mr. Cheeney to his former position with back pay.

The decision of the Board was a misapplication of law and an abuse of discretion. The Department was authorized by section

---

1. A November 28, 1994, letter issued by the Livingston County Associate Circuit Court noted that Mr. Cheeney had been placed on unsupervised rather than supervised probation.

36.380, RSMo 1994, to dismiss Mr. Cheeney if the dismissal was for the good of the service. The Department determined that Mr. Cheeney's dismissal was for the good of the service because his actions on July 20, 1994, and his subsequent plea of guilty to the charge of misdemeanor assault caused embarrassment to the Department. The record contains competent and substantial evidence to support the Department's decision.

The Board seems to have focused on whether Mr. Cheeney's plea and suspended imposition of sentence constituted a conviction for a crime of moral turpitude in determining if Mr. Cheeney's dismissal was for the good of the service. In effect, the Board substituted its own judgment for that of the Department regarding whether Mr. Cheeney's dismissal was for the good of the service. The decision of the Board disapproving the dismissal, therefore, was a misapplication of the law and an abuse of discretion. The judgment of the trial court reversing the decision of the Board and ordering the reinstatement of Mr. Cheeney's dismissal is affirmed.

All concur.