George HENDERSON, Jr., Appellant,

v.

George A. LOMBARDI, Director, Division of Adult Institutions, Respondent.

No. WD 60231.

Missouri Court of Appeals, Western District.

June 18, 2002.

---

Clyde E. Craig, St. Louis, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Michael J. Fields, Asst. Atty. Gen., Jefferson City, for Respondent.

Before LOWENSTEIN, Presiding Judge, NEWTON and HOLLIGER, JJ.

HAROLD L. LOWENSTEIN, Presiding Judge.

George Henderson, Jr., appeals from the judgment of the Circuit Court of Cole County which affirmed the decision of the Personnel Advisory Board (PAB). The PAB had approved Henderson's dismissal from his employment with the Missouri Department of Corrections, Division of Adult Institutions (DAI). Henderson failed to deliver a copy of his circuit court petition to the PAB as required under § 536.110.2, RSMo 2000.[1] As such, the circuit court and this court are without jurisdiction. The appeal is dismissed.

### Factual and Procedural History

Henderson was convicted of manslaughter in 1974 and served twenty-eight months of a seven-year sentence. Henderson began working at the DAI in 1986. At the time of his dismissal, Henderson was employed by DAI as a cook at the Fulton Reception and Diagnostic Center, a maximum security institution.

On January 27, 2001, Henderson was outside a "good time house"[2] when an individual walked up to him and offered to sell him some pistols. Henderson purchased two pistols for $25 each. He put the pistols and some clothes in a duffel bag, zipped it shut, and placed it in the back seat of his car. On January 28, 2001, Henderson was stopped for a traffic violation by a Missouri highway patrolman. After requesting to see Henderson's license, the officer had the dispatcher run Henderson's license and found out that Henderson had a prior felony conviction. Henderson consented to a search of his vehicle. The trooper found the two pistols in the duffel bag. Henderson was arrested for unlawful use of a weapon, carrying concealed weapons, and possession of concealable firearms.

Henderson was aware that as a convicted felon, he was not supposed to possess guns. He was also aware that under the DAI's policies and procedures, if he was arrested for anything other than a traffic offense, he had to report such arrest immediately to his supervisor. He also knew he was required to submit a written report the next work day stating the circumstances of the arrest. Although Henderson worked January 29, 30, 31 and February 1, he did not report his arrest. On February 4, 2000, Henderson's supervisors learned of the arrest by reading an article in the local newspaper. Henderson was interviewed that same day, and he confirmed the arrest.

Henderson was given an opportunity to present any defenses or information he had concerning his actions, inactions or omissions at a meeting with the superintendent of DAI. Henderson confirmed that he had purchased the guns and had been arrested for possession of the guns on January 28, 2000. Henderson also told the

---

1. All statutory references are to the Revised Missouri Statutes 2000, unless otherwise indicated.

2. A "good time house" was described as a place where people go to gamble, drink and sell things.

superintendent that he thought he was supposed to report his arrest directly to him, though he did not explain why he failed to do so prior to February 4. On February 25, 2000, Henderson was sent a letter from respondent, George Lombardi, the Director of Adult Institutions for the Department, notifying Henderson of his removal from employment.[3]

On August 2, 2000, Henderson filed an appeal of his February 25, 2000, dismissal to the PAB, pursuant to § 36.390.5. After a hearing, the PAB issued its findings of fact and conclusions of law upholding Henderson's dismissal.

Henderson sought review of the PAB's decision by filing a petition in the Circuit Court of Cole County, pursuant to § 36.390.9. He served a copy of the petition on the defendant, George Lombardi, the Director of DAI, but did not deliver a copy of the petition to the PAB. The circuit court determined in its findings of fact and conclusions of law that failing to deliver a copy of the petition to the PAB was a jurisdictional defect under § 536.110.2. Henderson appealed to this court and the Respondent filed a motion to dismiss.[4] The motion has been taken with the case.

Henderson asserts six points on appeal; however, the jurisdictional issue is dispositive.

## I.

■ Henderson argues that the trial court erred in finding that his failure to give the PAB notice of his petition of review to the circuit court was a jurisdictional defect because notice was not required by § 536.110.2, in that the PAB is not an "agency" or "party of record" within the meaning of the statute.

Sections 536.110.1 and 536.110.2 govern the procedure to be followed when a party seeks review of an agency decision in circuit court. Sections 536.110.1 and 536.110.2 read, in pertinent part:

1. Proceedings for review may be instituted by filing a petition in the circuit court of the county of proper venue within thirty days after the mailing or delivery of the notice of the agency's final decision.

2. Such petition may be filed without first seeking a rehearing.... No summons shall issue in such case, but *copies of the petition shall be delivered to the agency and to each party of record* in the proceedings before the agency or to his attorney of record, *or shall be mailed to the agency and to such party* or his said attorney by registered mail *and proof of such delivery or mailing shall be filed in the case.* (Emphases added).

In this case, Henderson served a copy of the petition on the party defendant, George Lombardi, the Director of DAI, but did not deliver a copy of the petition to the PAB. Henderson argues that § 536.110.2 does not require him to deliver a copy of the petition to the PAB because the PAB was neither the "agency" nor the "party of record" in the case.

---

3. Henderson was charged with violating: 1) Department policy and procedure D2–110, Section III F.3, for failing to immediately report his arrest to his immediate supervisor; 2) Department policy and procedure D2–11.10, Section III C.2, which states employees are expected to represent the highest moral, ethical and professional standards; and 3) Department code of conduct, Section 1(F) which states, "Employees of the State are expected to comply with the statutes of Missouri at all times."

4. The motion to dismiss argues that if this court finds the DAI is the "agency" referred to in § 536.110, then Henderson's petition was untimely filed, requiring dismissal for lack of jurisdiction.

With regard to § 536.110, "it is jurisdictional that the agency and each party of record be notified personally or by registered mail of the petition for review filed by an aggrieved party." *State ex rel. Henze v. Wetzel,* 754 S.W.2d 888, 895 (Mo.App.1988). If the circuit court does not have jurisdiction to determine the issues presented on the merits, then an appellate court has no jurisdiction to consider the appeal. *State ex rel. Wrenn v. Bd. of Zoning Adjustment of Kansas City,* 923 S.W.2d 423, 425 (Mo.App.1996).

Contrary to Henderson's assertion, the PAB is the "agency" in this instance. An "agency" is "any administrative officer or body existing under the constitution or by law and authorized by law or the constitution to make rules or to adjudicate contested cases." § 536.010(1). In this case, after the DAI dismissed him, Henderson appealed the decision to the PAB. Pursuant to § 36.390.5, the PAB held a hearing and approved of Henderson's dismissal. A hearing by the PAB is considered a contested case and its decisions are final and subject to review by the circuit court. § 36.390.9. When the circuit court reviews a case that has been heard by the PAB, it reviews the PAB's decision, not the underlying agency decision. *See Mo. Dept. of Corr. v. Cheeney,* 926 S.W.2d 939, 941 (Mo.App.1996)(circuit court reviewed the PAB's decision, not the decision of the Department of Corrections); *Prenger v. Moody,* 845 S.W.2d 68, 75 (Mo.App.1992)(circuit court reviewed the PAB's decision, not the decision of the Office of Administration). Thus, the PAB is clearly the "agency" in this case with regard to § 536.110.2.

One of the reasons it is necessary for the agency to be notified of a circuit court petition is because the agency supplies the record of the proceeding for review. Section 536.130.1 requires that within thirty days after filing a petition, "or within such further time as the court may allow, the record before the agency shall be filed in the reviewing court." In this case, the record before the PAB needed to be filed in the circuit court. In the trial court's findings of fact and conclusions of law, it mentioned that although Henderson did file the record from the PAB hearing, it was not filed within the period required by § 536.130 "in part because plaintiff failed to notify the PAB that he had filed a petition for review...." This is an example of why it was necessary that a copy of the petition be delivered to the PAB. Because this court finds that the PAB was the "agency" as contemplated by § 536.110.2, Henderson's failure to deliver a petition to the PAB was a jurisdictional defect. As such, the trial court did not have jurisdiction, nor does this court. *Wrenn,* 923 S.W.2d at 425.

The DAI's motion to dismiss taken with the case is moot. The appeal is dismissed for lack of jurisdiction.

All concur.