George A. LOMBARDI, Director, Division of Adult Institutions, Department of Corrections, Appellant,

v.

Connie J. DUNLAP, Respondent.

No. WD 61417.

Missouri Court of Appeals,
Western District.

Jan. 31, 2003.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 1, 2003.

Jeremiah W. (Jay) Nixon, Atty. Gen., Virginia H. Murray, Jefferson City, MO, for Appellant.

Daniel N. McPherson, Jefferson City, MO, for Respondent.

Before HAROLD L. LOWENSTEIN, P.J., ROBERT G. ULRICH, J. and RUSSELL E. STEELE, Sp.J.

ROBERT G. ULRICH, Judge.

George Lombardi, Director of the Division of Adult Institutions in the Department of Corrections, appeals the judgment of the circuit court affirming the decision of the Personnel Advisory Board (PAB) disapproving the Division's dismissal of Corrections Officer Connie Dunlap and ordering her reinstated to her former position with back pay. The decision of the PAB is reversed, and the case is remanded for futher proceedings consistent with this opinion.

Connie Dunlap was employed as a Corrections Officer I at Algoa Correctional Center. In April 2001, Mr. Lombardi, as the Division's Appointing Authority, sent Ms. Dunlap a letter effecting her dismissal from her position. The letter stated that Ms. Dunlap violated Department of Correction procedures regarding avoidable contact with prisoners and professionalism. The letter first set out the procedures violated:

> Documentation submitted by Superintendent Michael Murphy indicates you have violated Missouri Department of Corrections Procedure D2–11.10 Employee Conduct, Section III, E. Association with Offender, Offender's Family and or Significant Others: 1. It is unprofessional for an employee to have any avoidable contact or association with an offender, the offender's family and/or significant other unless specifically authorized as part of their job function while the offender is under the custody or supervision of the department. Contact includes, but is not limited to, oral or written communication, business or social associations and any other act of over familiarity. You also violated Missouri Department of Corrections Procedure D2–11.10 Section III, C Professionalism, (2) which states: Employees are expected to represent to the public the highest moral, ethical and professional standards and must accept as a condition of employment a code of personal conduct beyond that of an employee in the private sector or some other public sector positions.

The dismissal letter then explained how Ms. Dunlap's conduct violated these procedures:

> Specifically investigation revealed that you had an improper association with an offender identified as Steve Harris, # 187147. Documentation revealed that you sent letters to Harris through another offender identified as Richard Bostic, # 187490. One of the letters you sent to Bostic for Harris was recovered and sent to Mr. Don Lock, a forensic document examiner. The evidence submitted consisted of one three page letter addressed "Hey Baby", one business envelope addressed to inmate Richard Bostic and seventeen (17) exemplar documents which had been taken from you. In a report dated March 21, 2001 from Mr. Don Lock to Investigator Lorri A. Bise, Mr. Lock stated: Connie Dunlap (K1) is identified as the writer of the questioned material of Q1 and Q2. Based on the documentation presented, your

termination is required in the the interests of efficient administration and the good of the Missouri Department of Corrections will be served thereby.

Ms. Dunlap appealed her dismissal to the PAB in June 2001. Ms. Dunlap alleged before the PAB that she did not send letters to inmate Steve Harris through inmate Richard Bostic and that her dismissal was in retaliation for filing a sexual harassment complaint against a supervising officer nine days prior to receiving the dismissal letter. A contested hearing was held in October 2001. The PAB issued its findings of fact, conclusions of law, and order on November 13, 2001, disapproving Mr. Lombardi's dismissal of Connie Dunlap and ordering her reinstated to her former position with back pay. Although the PAB found that Ms. Dunlap wrote the letter in question and the "To" portion of the envelope to Offender Bostic thereby proving that Ms. Dunlap had avoidable contact with Offender Bostic, it also found that Mr. Lombardi failed to prove that Ms. Dunlap had an improper association with Offender Harris. The PAB concluded that because Mr. Lombardi only alleged improper association with Offender Harris and not with Offender Bostic, he failed to carry his burden of proof. The PAB also determined that Ms. Dunlap's dismissal harmed the good of the service given the charges that were alleged. Finally, the PAB concluded that it need not decide the merits of Ms. Dunlap's retaliation defense because such defense would have been relevant only if Mr. Lombardi had proven that Ms. Dunlap had an improper association with Offender Harris.

Thereafter, Mr. Lombardi filed a petition for judicial review of the PAB's decision with the circuit court. The circuit court upheld the PAB's decision. This appeal by Mr. Lombardi followed.

The decision of the PAB and not the judgment of the circuit court is reviewed on appeal. *Lowe v. Lombardi,* 957 S.W.2d 808, 809 n. 2 (Mo.App. W.D.1997). The PAB's decision will be affirmed unless it exceeds agency authority; it is not based upon substantial and competent evidence on the record as a whole; it is unreasonable, arbitrary, or capricious; it involves an abuse of discretion; or it is otherwise unlawful. *Id.* at 811 (quoting *Mo. Dep't of Corr. v. Cheeney,* 926 S.W.2d 939, 941 (Mo. App. W.D.1996)).

Section 36.380, RSMo 2000, authorizes an appointing authority to dismiss for cause any employee in his division "when he considers that such action is required in the interests of efficient administration and that the good of the service will be served thereby." Section 36.390.5, RSMo 2000, permits an appeal to be taken to the PAB by an employee "claiming that the dismissal ... was for political, religious, or racial reasons, or not for the good of the service." After a hearing and consideration of the evidence for and against dismissal, the PAB shall approve and sustain the dismissal of the employee or disapprove the dismissal and order the reinstatement of the employee to her former position with back pay. § 36.390.5, RSMo 2000. The authority of the PAB to approve or disapprove a dismissal does not extend discretion to the PAB to override the judgment of the appointing authority that dismissal of an employee is for the good of the service. *Cheeney,* 926 S.W.2d at 941.

In his sole point on appeal, Mr. Lombardi contends that the PAB erred in determining that the letter sent to Ms. Dunlap only alleged one ground for her dismissal—improper association with Offender Harris—and that he failed to prove that allegation. Mr. Lombardi argues that considering the dismissal letter as a whole,

Ms. Dunlap not only received notice that she was dismissed because of improper association with Offender Harris but also because of avoidable contact with Offender Bostic, which the PAB found that he had proven.

■ A regular employee of the State of Missouri has a property interest in her job. *Thomas v. Metzler*, 978 S.W.2d 483, 487 (Mo.App. W.D.1998); *McCall v. Goldbaum*, 863 S.W.2d 640, 642 (Mo.App. E.D. 1993). Thus, due process requires that, before the employee can be deprived of this property interest, the employee must receive adequate notice and an opportunity for a hearing. *Id.* In accordance with this requirement, section 36.380, RSMo 2000, provides in pertinent part:

No dismissal of a regular employee shall take effect unless, prior to the effective date thereof, the appointing authority gives to such employee a written statement setting forth in substance the reason therefor and files a copy of such statement with the director.

Additionally, section 36.390.5, RSMo 2000, provides in part:

Any regular employee who is dismissed . . . may appeal in writing to the board within thirty days. . . . Upon such appeal, both the appealing employee and the appointing authority whose action is reviewed shall have the right to be heard and to present evidence at a hearing which, at the request of the appealing employee, shall be public.

■ The purpose of giving the employee notice is to provide the employee with adequate information about the reasons for the dismissal to enable the employee to prepare a defense. *Thomas*, 978 S.W.2d at 487. Whether adequate notice was given is a question of law. *McCall*, 863 S.W.2d at 642. Accordingly, the issue is reviewed de novo; and the appellate court need not defer to either the decisions

of the circuit court or the PAB. *Smith v. Rosa*, 73 S.W.3d 862, 865 (Mo.App. W.D. 2002); *McCall*, 863 S.W.2d at 642. While a suspension or dismissal letter need not cite the specific policy or rule the employee violated, if the specific policy or rule is not cited, the letter must explain the policy or rule and indicate how the employee's conduct was in violation thereof. *Rosa*, 73 S.W.3d at 866. Notice must be sufficiently specific as to the time and nature of the incident at issue so that the employee has no uncertainty as to the acts related to her discharge. *Thomas*, 978 S.W.2d at 487.

■ In this case, the dismissal letter sent to Ms. Dunlap adequately informed her of the reasons for her dismissal so that she was able to prepare a defense. The dismissal letter set out the specific Department of Correction procedures violated—association with an offender and professionalism—and how Ms. Dunlap's conduct violated those procedures. In disapproving Ms. Dunlap's dismissal, the PAB found that Mr. Lombardi only alleged improper association with Offender Harris as grounds for her dismissal and that Mr. Lombardi failed to prove that ground. Similarly, in her respondent's brief, Ms. Dunlap argues that the dismissal letter sets out only one specific ground for her dismissal—improper association with Offender Harris. In making this argument, Ms. Dunlap specifically focuses on one sentence in the letter: "Specifically investigation revealed that you had an improper association with an offender identified as Steve Harris, # 187147." This sentence, however, can not be considered in isolation in determining whether Ms. Dunlap received adequate notice of the reasons for her dismissal because it is not the only portion of the letter detailing her alleged misconduct. *See Rosa*, 73 S.W.3d at 867 (one passage of suspension letter can not be looked at in isolation in determining

whether letter provided employee with adequate notice regarding grounds for suspension.) Read as a whole, the notice of dismissal adequately informed Ms. Dunlap that the reasons for her dismissal were that she had an improper association with Offender Harris *and* that she had avoidable contact with Offender Bostic. The letter does not limit the grounds for Ms. Dunlap's dismissal to only improper association with Offender Harris with information concerning Offender Bostic only presented as background facts as argued by Ms. Dunlap. Instead, the letter adequately informed Ms. Dunlap that she was dismissed for the additional reason that she had avoidable contact with Offender Bostic by addressing and mailing to him the envelope containing a letter to Offender Harris. The dismissal letter, therefore, provided Ms. Dunlap with adequate notice that her dismissal was based on her avoidable contact with Offender Bostic.

■ The next issue is whether Mr. Lombardi proved this ground for dismissal. The PAB found that Mr. Lombardi did not prove the first ground for Ms. Dunlap's dismissal—improper association with Offender Harris—and Mr. Lombardi does not dispute this finding. The PAB found, however, that the second ground—avoidable contact with Offender Bostic—was proven. This finding was supported by substantial and competent evidence on the record. Mr. Lombardi introduced a letter and an envelope at the hearing before the PAB. The envelope was addressed to Offender Bostic. Investigators on the case testified that Offender Bostic confirmed that he had in fact forwarded the letter and envelope to them, that they interviewed Ms. Dunlap about the letter and envelope and she denied writing them, and that they obtained several handwriting exemplars from Ms. Dunlap. A forensic consultant with an expertise in the field of

questioned documents testified that he compared the letter and envelope to Ms. Dunlap's handwriting exemplars and that he positively identified her as the author of the letter and the "To" portion of the envelope. The consultant also testified that a positive identification is the highest level of opinion rendered in questioned documents. Substantial and competent evidence, therefore, supported the PAB's finding that Ms. Dunlap had avoidable contact with Offender Bostic.

■ Finally, the PAB found that Ms. Dunlap's dismissal harmed the good of the service given the charges that were alleged. Although not defined by the statutes, the standard "for the good of the service" implies some personal misconduct or fact that renders the employee's further employment harmful to the public interest. *Prenger v. Moody*, 845 S.W.2d 68, 74 (Mo. App. W.D.1992)(quoting *Anderson v. Pers. Advisory Bd.*, 586 S.W.2d 738, 742 (Mo. App. W.D.1979)). The standard further requires a decision by the appointing authority that the employee's conduct is of such a serious nature that dismissal is required rather than some other form of discipline. *Id.*

As discussed above, Ms. Dunlap did receive adequate notice that her dismissal was based on her avoidable contact with Offender Bostic, and this charge was proven by substantial and competent evidence. Mr. Lombardi testified at the hearing that any contact between staff and offenders other than professional contact can lead to the offender population's loss of respect for staff, jealousy between offenders, and extortion of staff by offenders. He explained that such situation directly threatens the overall safety and security of the institution. Finally, Mr. Lombardi testified that based on Ms. Dunlap's behavior, dismissal was required rather than a less severe form of discipline. The PAB erred in substituting its judgment for Mr. Lom-

bardi's that Ms. Dunlap's dismissal was for the good the service. For all of the reasons stated above, the decision of the PAB disapproving the Division's dismissal of Ms. Dunlap is reversed.

The judgment of the circuit court and the decision of the PAB are, therefore, reversed. One final issue remains. Although the PAB determined that Mr. Lombardi sufficiently proved that Ms. Dunlap had avoidable contact with Offender Bostic, which, as explained above, would support Ms. Dunlap's dismissal, the PAB specifically stated that it had not determined the merits of Ms. Dunlap's claim that she was dismissed in retaliation for filing a sexual harassment complaint against a supervising officer. The case is, therefore, remanded to the PAB for determination of whether the retaliation claim, if proven, would as a matter of law provide Ms. Dunlap the relief she sought from her dismissal and for such further proceedings, if any, as are then necessary.

HAROLD L. LOWENSTEIN, P.J., and RUSSELL E. STEELE, Sp.J. concur.