### DEPARTMENT OF SOCIAL SERVICES, DIVISION OF YOUTH SERVICES, Appellant,

v.

### Timothy OLIVER, Respondent.

### No. WD 68536.

Missouri Court of Appeals,
Western District.

Sept. 9, 2008.

Kathleen R. Robertson, Office of Attorney General, Jefferson City, for Appellant.

Timothy Oliver, Mesquite, for Respondent.

PAUL M. SPINDEN, Judge.

When the Department of Revenue notified the Department of Social Services' Division of Youth Services that one of its employees, Timothy Oliver, had not filed state income tax returns and had not paid state income taxes for three years, the division warned Oliver to file his returns and to pay his taxes or he would lose his job.[1] Oliver entered into a payment plan with the Department of Revenue. When

---

1. Section 105.262.1, RSMo Cum.Supp.2007, requires all state employees to file state income tax returns and to pay state income taxes as a condition of continued employment.

Oliver defaulted in his payments, Jon Anderson, the division's appointing authority, notified him by a certified letter dated July 1, 2005, that he was being dismissed from employment. The letter said that Oliver had until July 8, 2005, to provide written reasons why he should not be dismissed or his dismissal would take effect on July 11, 2005. Oliver did not respond to the dismissal letter by July 8, so the division dismissed him from employment on July 11.

Oliver appealed his dismissal to the Personnel Advisory Board (PAB). The PAB concluded that the dismissal was not effective because the United States Postal Service did not deliver the dismissal notice to Oliver until July 13, 2005. The PAB, therefore, disapproved the dismissal from July 11, 2005, to December 12, 2006, the date of the PAB's original decision in this case.[2] The PAB ordered the division to reinstate Oliver as of July 11, 2005, and to pay him back pay from July 11, 2005, to April 18, 2006, and from November 6, 2006, to December 12, 2006.[3] The PAB, however, approved Oliver's dismissal from December 12, 2006, forward, finding that "[Oliver's] conduct constituted cause for his dismissal [and that] his dismissal was in the interests of efficient administration and for the good of the service." The PAB also found that Section 105.262 required his dismissal. The division filed a petition for judicial review, and the circuit court affirmed the PAB's decision. The division appeals.[4] We affirm in part and reverse and remand in part.

■ On appeal, we review the PAB's decision, not the circuit court's judgment. *Lombardi v. Dunlap*, 103 S.W.3d 786, 789 (Mo.App.2003). Our standard of review is whether or not the PAB's decision was within its authority, was based on substantial and competent evidence on the record as a whole, was reasonable, was arbitrary or capricious, resulted from the PAB's abuse of discretion, and was otherwise lawful. *Id.*

■ The division first argues that the PAB erred in concluding that the dismissal notice did not comply with Section 36.380, RSMo 2000, and Regulation 1 CSR 20–3.070(5)(A). Section 36.380 governs dismissal of state merit system employees such as Oliver. For an employee's dismissal to take effect, Section 36.380 requires the appointing authority to give the employee a written reason for the dismissal before the dismissal's effective date. Regulation 3.070(5)(A) requires that the dismissal notice provide the employee with an opportunity to respond before the dismissal's effective date. Section 36.380 permits the appointing authority to send notice "by certified or registered mail, return receipt requested, at [the employee's] last mailing address as shown in the personnel records of the appointing authority" when giving notice of dismissal in person is not practicable. The statute says, "Proof of refusal of the employee to accept delivery or the inability of the postal authorities to deliver such mail shall be accepted as evidence that the required notice of dismissal has been given."

2. The PAB later entered a *nunc pro tunc* order to correct a typographical error.

3. The PAB excluded back pay for the period from April 18, 2006, to November 6, 2006. The original evidentiary hearing before the PAB had been scheduled for April 18, 2006, but the PAB continued it to November 6, 2006, at Oliver's request. The department agreed to the continuance on the condition that Oliver waive back pay for this period should he prevail.

4. Oliver, who appears *pro se*, asserts various errors in the PAB's decision in his respondent's brief. Because he did not file a notice of appeal, however, we decline to address his allegations of error.

Because Oliver was on paternity leave, Anderson, whose office was in Jefferson City, sent the dismissal notice to Oliver by certified mail to a Kansas City post office box.[5] The PAB found that this was permissible. The dismissal notice was dated July 1, 2005, and the division presented evidence that its personnel mailed it the same day.

The division contends that the reason that Oliver did not receive notice before his dismissal took effect was because he did not check his post office box regularly enough. Oliver testified that he could not remember when he last checked the box before July 13, 2005.

Whether or not Oliver deliberately or negligently avoided receiving the dismissal notice was a question of fact. In our review, we defer to the PAB's findings of fact and view the evidence in the light most favorable to the PAB's decision. *Seidner v. Webster*, 201 S.W.3d 104, 108 (Mo. App.2006). The PAB found that the Postal Service did not deliver, and Oliver did not receive, the dismissal notice until July 13, 2005—five days after the July 8 deadline for Oliver to respond to the dismissal in writing and two days after his July 11 dismissal took effect. The PAB also found that the division presented no evidence that the Postal Service had attempted an earlier delivery and Oliver had refused it, or that Oliver had delayed picking up the dismissal notice. We are bound by the PAB's findings of fact.[6]

■ The division further argues that, even if the reason that Oliver did not

receive the dismissal notice until July 13 was because the Postal Service did not deliver it before then, the division should not be penalized for the Postal Service's inability to deliver mail within a reasonable time. The division contends that its dismissal notice was adequate because it mailed the notice 10 days before it took effect. The division claims that, because the notice was "only traveling within Missouri," 10 days was more than sufficient time—even considering the Fourth of July holiday and weekends—for the notice to reach Oliver. The division argues that mailing the notice 10 days before the effective date should satisfy due process regardless of when the Postal Service delivered it.

■ We disagree. Oliver, as a state employee, had a property interest in his job and was entitled to due process before the division could deprive him of it. *Lombardi*, 103 S.W.3d at 790. Although due process does not require actual notice, it does require notice that is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *State v. Elliott*, 225 S.W.3d 423, 424 (Mo. banc 2007) (citing *Mullane v. Central Hanover Bank & Trust Company*, 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950)).

Assuming that the division sent the notice from Jefferson City on July 1—a Friday—the earliest that the Postal Service could have delivered it to Oliver, following

---

5.  Oliver was a youth specialist at the department's Northwest Regional Youth Center in Kansas City.

6.  These findings, and, in particular, the PAB's express finding that the dismissal notice was not delivered by the Postal Service until after Oliver's dismissal became effective, distinguish this case from *State v. Elliott*, 225 S.W.3d 423 (Mo. banc 2007), a case on which

the department relies. In *Elliott*, the Supreme Court rejected a taxpayer's claim that she did not receive statutorily—required notices before the director of the Department of Revenue assessed delinquent income taxes against her. The court explained, "The evidence does not show that the director's notice was not delivered to nor received by [the taxpayer]—only that it was unclaimed." *Id.* at 425.

the weekend and the Fourth of July holiday on Monday, was on Tuesday, July 5. The notice gave Oliver until only Friday, July 8, to respond in writing to Anderson's Jefferson City office. Hence, under the best possible circumstances, Oliver would have had, at most, three days to meet the division's demand. The notice hardly seems "reasonably calculated" to afford Oliver an opportunity to object to his dismissal. The PAB did not err in determining that the dismissal notice was insufficient.

■ In its second point, the division claims that the PAB exceeded its statutory authority when it ordered Oliver reinstated from July 11, 2005, to December 12, 2006, but also sustained his dismissal from December 12, 2006, forward. Section 36.390, RSMo Cum.Supp.2007, allows suspended, demoted, or dismissed state merit system employees to appeal to the PAB and for the PAB to hold a hearing, during which the employee and the appointing authority can present evidence. Section 36.390.5 says:

> After the hearing and consideration of the evidence for and against a suspension, demotion, or dismissal, the board shall approve or disapprove such action and may make *any one* of the following appropriate orders:
>
> (1) Order the reinstatement of the employee to the employee's former position;
>
> (2) Sustain the dismissal of such employee;
>
> (3) Except as provided in subdivisions (1) and (2) of this subsection, the board may sustain the dismissal, but may order the director to recognize reemployment rights for the dismissed employee pursuant to section 36.240, in an appropriate class or classes, or may take steps to effect the transfer of such employee

to an appropriate position in the same or another division of service.[7]

The division argues that the PAB could disapprove the dismissal and order Oliver reinstated, or it could approve and sustain his dismissal. It contends that the PAB could not do both.

We agree. As an administrative agency, the PAB has only those powers expressly conferred or necessarily implied by Missouri's constitution or by statute. *Bodenhausen v. Missouri Board of Registration for the Healing Arts,* 900 S.W.2d 621, 622 (Mo. banc 1995). The express language of Section 36.390.5 gives the PAB the power to order reinstatement or to sustain the dismissal. Section 36.390.5 does not give the PAB the power to do both.

After it found the dismissal ineffective and ordered the division to reinstate Oliver from July 11, 2005, to December 12, 2006, the PAB explained why it was also reviewing the merits of Oliver's dismissal from December 12, 2006, forward. The PAB noted that, if it reinstated Oliver without reaching the merits of the reasons for his dismissal, the division could dismiss him again for the same reasons but allow him the opportunity the second time to refute his dismissal either in person or in writing before the dismissal's effective date. Because, however, Oliver's dismissal had already occurred and Oliver had lost the benefits of his job, the PAB concluded that Oliver's providing reasons refuting his dismissal would be "meaningless." The PAB noted that there had already been a full hearing on the merits of his dismissal, and Oliver "fully addressed" the division's evidence at the PAB hearing. Thus, the PAB decided to "go ahead with its decision on the merits of the dismissal."

While we can appreciate the equitable reasons that motivated the PAB's actions, its decision to order reinstatement and to

---

7. We added the emphasis.

sustain the dismissal was in direct contravention of Section 36.390.5's express language that the PAB "may make any one" of those orders. " 'An administrative agency cannot infer a power from [a] statute simply because that power would facilitate the accomplishment of an end deemed beneficial.'" *Wells v. Dunn,* 104 S.W.3d 792, 796 (Mo.App.2003) (citation omitted). The PAB exceeded its statutory authority when it ordered Oliver's reinstatement from July 11, 2005, to December 12, 2006, and sustained his dismissal from December 12, 2006, forward.

We affirm the PAB's determination that the dismissal notice was insufficient. Because the PAB exceeded its statutory authority, however, we reverse the circuit court's judgment affirming the PAB's decision. We remand the case to the circuit court for remand to the PAB for further proceedings consistent with this opinion.[8]

ALOK AHUJA, Presiding Judge, and VICTOR C. HOWARD, Judge, concur.

---

**8.** The division has not argued that Section 105.262's procedure for dismissal of state employees for nonpayment of state income taxes displaces the notice requirements of Section 36.380. Furthermore, the division has not argued that we could sustain Oliver's dismissal, despite insufficient notice of termination, on the basis that Oliver has failed to show that he could have presented meritorious grounds to avoid dismissal if he had received proper notice. We express no views on these issues.