**Bruce A. DYE, Appellant,**

v.

**DEPARTMENT OF MENTAL HEALTH, State of Missouri, Respondent.**

**No. WD 70567.**

Missouri Court of Appeals,
Western District.

April 20, 2010.

Rebecca L. Kurz, for Appellant.

Ronald Q. Smith, for Respondent.

Before Division Two: JOSEPH M. ELLIS, Presiding Judge, VICTOR C. HOWARD, Judge and JAMES E. WELSH, Judge.

JOSEPH M. ELLIS, Judge.

Bruce Dye appeals from the circuit court's dismissal of his petition for review of a Missouri Department of Mental Health (DMH) administrative decision to place his name on its disqualification registry. Dye contends that the circuit court's dismissal was erroneous. We agree and reverse.

In June 2007, while Dye worked at a DMH facility, he was notified that an investigation had been completed regarding alleged sexual abuse by Dye of a client at the facility. The DMH made a preliminary determination that the allegations were true and, after meeting with Dye, made a final determination to substantiate the findings of one count of sexual abuse against Dye. Dye was notified of his right to appeal the decision to a Hearings Administrator, which he did. He was also notified that if the Hearings Administrator upheld the DMH's determination on appeal, Dye's name would be placed on the disqualification registry pursuant to § 630.170.[1]

Dye's hearing was scheduled for October 23, 2007. In an August 9, 2007 letter, Dye received notice of the hearing as well as information on how to request a continuance, should one be necessary. Dye did not attend the hearing, nor did he request a continuance prior to the hearing. Rather, on November 5, 2007, Dye's counsel sent a letter to the Hearings Administrator stating that Dye did not attend the hearing because he was incarcerated. Dye requested a rescheduled hearing.

On November 6, 2007, the Hearings Administrator dismissed Dye's appeal because he failed to show at the hearing. On November 8th, the Hearings Administrator wrote to Dye and notified him that due to his absence, the dismissal was warranted and was a final decision. The letter explained Dye's appellate rights.

On December 4, 2007, Dye mailed a petition for review to the Jackson County Circuit Court. On December 5, 2007, Dye received a letter from the circuit court notifying him that his petition would not be processed until the court received his filing fee and his Circuit Court Form 4.[2] On December 7, 2007, Dye mailed the filing fee and Form 4 to the circuit court.

1. Section 630.170.1 RSMo Cum.Supp.2003 provides that any person listed on the disqualification registry "shall be disqualified from holding any position in any public or private facility or day program operated, funded or licensed by the department or in any mental health facility or mental health program in which people are admitted on a voluntary or involuntary basis or are civilly detained."

2. Pursuant to the Local Court Rules of Jackson County, a Form 4, or a Civil Filing Information Sheet, "shall be completed and attached to all initial pleadings filed." Rule 4.2.2. "The Department of Judicial Records shall refuse to accept for filing all the initial pleadings filed that are not accompanied by a completed Form 4." *Id.* Likewise, Rule 5.6.1 states that, "[t]he Department of Civil Records shall not file any cause until a deposit for fees and costs has been paid, as required by these rules."

The petition for review was filed on December 10, 2007.

The DMH filed a motion to dismiss asserting that the trial court lacked **subject matter jurisdiction over the case** because (a) Dye's petition for review was untimely filed; (b) notice of the petition for review was not properly served on the DMH as required by § 536.110.2; and (c) the petition failed to contain allegations required by § 536.140.2. In response, Dye denied all jurisdictional allegations raised by the DMH.

The circuit court sustained the DMH's motion to dismiss and Dye filed a motion for reconsideration, which was sustained. On December 12, 2008, after the parties submitted briefs, the circuit court held a hearing on the DMH's motion to dismiss and ultimately sustained the motion on the basis that Dye's petition was not timely filed, which rendered the court unable to consider the petition due to lack of subject matter jurisdiction. Dye timely appealed.

■ In an appeal from judicial review of an administrative agency's decision, we review the agency's decision and not the circuit court's judgment. *Mo. Coalition for the Env't v. Herrmann*, 142 S.W.3d 700, 701 (Mo. banc 2004). However, we review the decision of the circuit court to grant a motion to dismiss *de novo*. *Lynch v. Lynch*, 260 S.W.3d 834, 836 (Mo. banc 2008).

■ Dye contends that the circuit court erred in dismissing his petition for review for lack of subject matter jurisdiction. The DMH concedes the error in its brief. Under *Webb ex rel. J.C.W. v. Wyciskalla*, 275 S.W.3d 249 (Mo. banc 2009), the trial court's dismissal based on lack of subject matter jurisdiction was incorrect and erroneous. In *Webb*, the Supreme Court of Missouri clarified that only personal and subject matter jurisdiction are recognized

in Missouri—not a third form of subject matter jurisdiction called "jurisdictional competence." *Id.* at 251–54. Unlike subject matter jurisdiction, which derives directly from article V, section 14 of the Missouri Constitution, and states that "[t]he circuit courts shall have original jurisdiction over all cases and matters, civil and criminal," matters of jurisdictional competence arise when there is a dispute over "whether the issue or parties affected by the court's judgment [were] properly before it for resolution at that time." *Id.* at 253, 254 (internal quotation and emphasis omitted).

The circuit court had subject matter jurisdiction over the case because it was a civil case and circuit courts have jurisdiction over all civil cases. Accordingly, the court erred in dismissing Dye's petition for lack of subject matter jurisdiction. The DMH, nonetheless, argues that our analysis should not end there. Rather, according to the DMH, we should treat the issues raised in its motion to dismiss as matters directed to the court's "authority to grant the relief sought in the petition."

The issue is not quite that simple, however. The DMH's motion to dismiss raised three separate grounds for dismissal, claiming that each deprived the circuit court of subject matter jurisdiction. First, it asserted the petition was not filed within thirty days of the notice of the Department's final decision as required by § 536.110.1. The DMH now asserts that because of failure to timely file the petition, the court lacks statutory authority to hear the case, as opposed to lacking subject matter jurisdiction. It now makes a similar lack of statutory authority argument based on its second ground for dismissal, that Dye failed to notify the DMH or its attorney of record personally or by registered mail of his petition, in violation of the requirement of § 536.110.2. And

finally, the DMH asserted that the petition did not contain allegations required by § 536.140.2, which generally states the grounds that may be encompassed in review of an administrative decision. This latter contention is not so much an assertion of lack of authority for the trial court to decide the case as it is a claim that the petition fails to state a claim upon which relief can be granted. In other words, it attacks the petition itself as lacking the necessary allegations to state a legally cognizable claim, not the court's authority to rule or decide a case. This issue would normally be raised by a motion to dismiss. See **Rule 55.27(a)**.

■ On the other hand, the first two claims raised by the DMH are matters in avoidance. They are directed to the circuit court's statutory authority to go forward with hearing and decide the petition for review and, as such, are in the nature of affirmative defenses. See **Rule 55.08**; *McCracken v. Wal–Mart Stores East, LP,* 298 S.W.3d 473, 477 (Mo. banc 2009). Affirmative defenses may be waived. *McCracken,* 298 S.W.3d at 477. However, Dye made no claim in the circuit court or in this appeal that the DMH has waived its statutory authority arguments. Accordingly, since these contentions could be renewed on remand in another motion to dismiss, and since they have been briefed and argued, we will address the DMH's revised grounds for dismissal.

■ The DMH first contends that Dye's petition for judicial review was untimely filed. Pursuant to § 536.110.1 RSMo 2000, "[p]roceedings for review may be instituted by filing a petition in the circuit court of the county of proper venue within thirty days after the mailing or delivery of the notice of the agency's final decision." The Missouri Supreme Court has interpreted § 536.110.1 to mean that the thirty-day period begins to run on the date of mail-

ing. *R.B. Indus., Inc. v. Goldberg,* 601 S.W.2d 5, 6 (Mo. banc 1980).

In the case at bar, if the thirty-day period began running on November 6, 2007, the date of mailing, the petition for review must have been filed by December 6, 2007, to be timely. Dye mailed his petition to the Jackson County circuit court on December 4, 2007, and received a letter from the circuit court administrator's office on December 5, 2007, notifying him that his pleading was received but would not be processed until the court received his filing fee and Form 4.

Prior case law has generally addressed this type of issue as a jurisdictional claim. After *Webb,* as noted *supra,* the issue is more accurately one of the circuit court's authority to hear and decide the case. The reasoning of the prior decisions nevertheless remains valid. Because the filing of a Form 4 or payment of a filing fee alongside a petition for review is not a jurisdictional requirement, Dye's petition was timely filed when the circuit court received his petition by December 5, 2007. *See, e.g., Jameson v. State,* 125 S.W.3d 885, 889 (Mo.App. E.D.2004) (" 'filing occurred on the date of receipt in the clerk's office' "); *Miller v. Varity Corp.,* 922 S.W.2d 821, 824 (Mo.App. E.D.1996) (motion timely filed if received within the statutory time limit, even if motion was date stamped on a later date); *Lewis v. State,* 845 S.W.2d 137, 138 (Mo.App. W.D.1993) ("[f]iling occurs when a document is delivered to the proper officer and lodged in his office").

The Missouri Supreme Court has made clear that payment of a filing fee at a particular time is not a jurisdictional prerequisite. *State ex. rel. JCA Architects, Inc. v. Schmidt,* 751 S.W.2d 756, 757 (Mo. banc 1988). "The Circuit Court is without power to impose jurisdictional requirements in addition to those set out in the

statutes." *Id.* The DMH, recognizing the holding in *Schmidt*, attempts to argue that the circuit court lacked the authority to enter judgment because the filing fee and Form 4 were not filed at the same time as Dye's petition. However, the *Schmidt* court specifically noted that courts may "impos[e] sanctions on litigants who do not comply with the statutes and rules." *Id.* Here, like in *Schmidt*, the filing fee had been received by the circuit court prior to the court taking steps to dismiss the appeal.[3] *Id.* Accordingly, the dismissal of Dye's petition for review based on this factor was erroneous.

Moreover, although the *Schmidt* case dealt exclusively with the failure of a litigant to pay a filing fee along with his application for a trial de novo, the rationale of Schmidt applies equally to local circuit court rules prohibiting their civil records departments from filing pleadings absent the filing of an information sheet. Just as the statutory language conferring the right of a trial de novo does not mandate the filing of a fee, neither does § 536.110.1 mandate the filing of a Form 4. Neither a filing fee nor a Form 4 can be made a jurisdictional prerequisite or a statutory requirement by local circuit court rule. *Id.; Puckett v. Swift & Co.,* 229 S.W.2d 713, 717 (Mo.App. W.D. 1950)("It is well settled that a circuit court does not have the power to adopt a rule of practice which deprives a litigant of a right given it by law, or which grants that right upon terms more onerous than those fixed by law.").

Accordingly, the circuit court erred in dismissing Dye's petition for review on the grounds that it was untimely filed.

The DMH's second ground for dismissal was that Dye's method of serving the DMH with a copy of the petition for review, by facsimile, was improper. As noted previously, the DMH now contends this deprived the circuit court of authority to hear and decide the case. The DMH asserts that § 536.110.2 requires that the adverse party or its attorney of record be served either personally or by registered mail. Section 536.110.2 provides:

> No summons shall issue in such case, but copies of the petition shall be delivered to the agency and to each party of record in the proceedings before the agency or to his attorney of record, or shall be mailed to the agency and to such party or his said attorney by registered mail, and proof of such delivery or mailing shall be filed in the case.

The DMH contends that this provision precludes facsimile notice and that Missouri courts have already interpreted the statute to require personal delivery or delivery by registered mail. We disagree.

The cases cited to by the DMH are not on point. *Henderson v. Lombardi,* 77 S.W.3d 109, 112 (Mo.App. W.D.2002), and *State ex rel. Henze v. Wetzel,* 754 S.W.2d 888, 895–96 (Mo.App. E.D.1988), involved the issue of who must be provided with notice of a petition for review under § 536.110. In discussing that issue, the *Henderson* court stated that " 'it is jurisdictional that the agency and each party of record be notified personally or by registered mail of the petition for review filed by an aggrieved party.' " 77 S.W.3d at 112 (quoting *Wetzel,* 754 S.W.2d at 895).[4] However, because of the issues presented, both

---

3.  Dye mailed the Form 4 and filing fee to the circuit court on December 7, 2007, and his petition for review was filed on December 10, 2007. The DMH did not file a motion to dismiss until February 26, 2008, long after the fee and form omission had been rectified.

4.  As discussed *supra,* this is no longer a jurisdictional requirement, but rather one of the court's authority to proceed. *Webb,* 275 S.W.3d at 251–53.

*Henderson* and *Wetzel* were emphasizing who must be provided with a copy of the petition for review, as opposed to the means or method of delivery. Neither case even discussed, much less explained, what was required to notify a party personally.

Indeed, *Henderson* and *Wetzel* are consistent with Missouri case law on this subject in that they emphasize that the primary concern in a § 536.100 case is that adverse parties receive notice, not the specific method of serving notice. *See, e.g. Williamsburg Truck Plaza v. Muri,* 857 S.W.2d 534, 537 (Mo.App. W.D.1993) ("Notice is less formal in a § 536.100 proceeding and is adequate as long as the party is aware of the review proceeding in sufficient time to prepare, appear and be heard."); *Reifschneider v. City of Des Peres Pub. Safety Comm'n,* 776 S.W.2d 1, 3–4 (Mo. banc 1989) ("The clear purpose of the statute . . . is to provide notice to the other party or parties that a petition has been filed, as well as the nature of the claim, sufficient to satisfy due process requirements."); *State ex rel. Cass County v. Dandurand,* 759 S.W.2d 603, 605 (Mo.App. W.D.1988) ("We do not say that a party to a proceeding before an administrative body need not be notified that judicial review has been instituted. . . . Notice, however, is a different matter from the command of a complaint and summons and will be adequate if the party is made aware of the proceeding in sufficient time to prepare, appear and be heard.").

The portion of § 536.110 requiring a filing of proof of delivery or mailing is meant to give the petitioner a method of proving that notice was given. *Bresnahan v. Bass,* 562 S.W.2d 385, 388–89 (Mo.App. E.D. 1978). Where, as here, the opposing party admits receiving a copy of the petition, there is no need for such proof. *Id.* Because the primary concern of § 536.110.2

is to provide notice to the opposing party that a petition for review has been filed, sufficient to allow the opposing party to prepare, appear, and be heard on the petition, and because the DMH admits it received a copy of Dye's petition for review, delivery of the petition for review by facsimile does not deprive the circuit court of authority to hear and decide the case.

■ Finally, the DMH contended, in its motion to dismiss, that Dye's petition failed to contain any allegations under § 536.140 and that his petition should be dismissed for his failure to state a claim upon which relief can be granted. Section 536.140, dealing with the scope of judicial review, states:

2. The inquiry may extend to a determination of whether the action of the agency

(1) Is in violation of constitutional provisions;

(2) Is in excess of the statutory authority or jurisdiction of the agency;

(3) Is unsupported by competent and substantial evidence upon the whole record;

(4) Is, for any other reason, unauthorized by law;

(5) Is made upon unlawful procedure or without a fair trial;

(6) Is arbitrary, capricious or unreasonable;

(7) Involves an abuse of discretion.

The scope of judicial review in all contested cases, whether or not subject to juridical review pursuant to sections 536.100 to 536.140, and in all cases in which judicial review of decisions of administrative officers or bodies, whether state or local, is now or may hereafter be provided by law, shall in all cases be at least as broad as the scope of judicial review provided for in this subsection[.]

In its motion to dismiss, the DMH did not cite to any authority to support its contention that Dye was required to "allege the violation of any of the seven scope of review criteria which § 536.140.2 . . . requires be alleged to confer subject matter jurisdiction over the petition." On appeal, the DMH cites only to *Bird v. Missouri Board Of Architects, Professional Engineers, Professional Land Surveyors & Landscape Architects*, 259 S.W.3d 516 (Mo. banc 2008), a case cited to by Dye.

In *Bird*, a professional engineer petitioned for judicial review from a decision of the Administrative Hearing Commission, subjecting him to professional discipline. *Id.* at 518. After some previous procedural history, this court held that the circuit court was without jurisdiction over the case because Bird's petition for review failed to raise specific issues and the court had nothing it could review. *Id.* at 520. Bird's petition for review sought:

> review of the findings of fact in the Final Order because it is in violation of constitutional provisions, is in excess of the statutory authority or jurisdiction of the agency, is not supported by competent and substantial evidence upon the whole record, was upon unlawful procedure, is arbitrary, capricious or unreasonable and involves an abuse of discretion.

*Id.* at 521. The Supreme Court reversed this Court's decision and noted that § 536.110 "does not explicitly set forth the requirements for a sufficient petition." *Id.* Finding that Bird's petition for review mirrored the language in § 536.140.2, the Supreme Court held that Bird's petition was sufficient to "outline the issues for the reviewing court and the adverse party." *Id.*

In reliance on *Bird*, the DMH contends that "[a]lthough the petition does not have to specify the specific facts that support a violation of one of the seven areas of scope of review, at a minimum it has to allege at least one area from the statutory areas of the scope of review." We disagree with the DMH's characterization of the holding in *Bird*. Although the *Bird* court did hold that the petition for review in that case, which mirrored the language in § 536.140.2 was sufficient, the court did not hold that a successful petition for review *must* specifically allege at least one of the seven factors outlined in § 536.140.2. In fact, the *Bird* Court clearly stated that, although desirable, "a precise definition of the issues is not required by statute or rule." *Id.* The Court went on to state:

> In a proceeding such as this, the petition sometimes is written and filed before the full administrative record becomes available. The circuit court may require the party seeking review to specify the precise issues the party is raising. Or the circuit court may require the party seeking review to amend the petition with greater particularity.

*Id.* (internal citation omitted).

The DMH has failed to cite, and we are unable to find, any statute, rule, or case mandating that a petition for review specifically state one of the seven grounds in § 536.140.2 in order to avoid dismissal. Rather, we find that in order to avoid dismissal, a petition for review must outline the issues for the court and the opposing party. Dye's petition meets this standard, and the circuit court could require Dye to specify precise issues or amend his petition if necessary. Accordingly, Dye's failure to allege the grounds for review set forth in § 536.140.2 does not deprive the circuit court of authority to hear and decide the case.

For the foregoing reasons, the circuit court's dismissal of Dye's petition for re-

view is reversed, and the cause is remanded for further proceedings.

All concur.